## LITTLE *v.* LITTLE & al., Exrs.

The statute which requires claims against the estate of a person deceased to be exhibited to the administrator before suit brought, does not contemplate a written statement of the claim. Any form of presentation which gives the administrator to understand the nature and amount of the claim, and the object in presenting it, is sufficient.

One L., father of the plaintiff and of the defendants' testator, died in 1829, leaving the two sons his heirs at law. The sons, as his heirs, brought their action against one G., to recover possession of the "Myrick land," and in 1831 obtained judgment and possession. In 1839 the testator purchased of

the plaintiff his interest in this and other lands, and took a conveyance, agreeing orally to pay or secure to the plaintiff $2650 at the time of the conveyance, and $250 more at the expiration of twenty years from the rendition of the judgment against G., if the possession under the judgment should continue undisturbed during that time, so as to quiet the title upon which it was founded, against any adverse claim of the Myrick heirs. — *Held*, that the agreement to pay the $250 was not within the statute of frauds, and that the plaintiff might recover therefor under the general counts, in *indebitatus assumpsit.*

ASSUMPSIT for $250. Writ dated May 31, 1854.

The declaration contained two special counts; also a general count, alleging that the said John Little, March 7, 1852, being indebted to the plaintiff in the sum of $250, for certain lands sold and conveyed by the plaintiff to said John Little, at his request, in consideration thereof promised to pay him said sum on demand, &c.

Plea, the general issue, and notice of statute of limitations.

David Little, a witness for the plaintiff, testified that the plaintiff, the said John, and himself, were brothers, and were sons of Jonathan Little, who died in 1829, intestate; that in July, 1839, the plaintiff agreed to sell said John Little two tracts of land in Hampstead for $2650; a portion of one of said tracts being known as the "Myrick land"; and if there was no trouble with the Myrick heirs' land, John was to pay the plaintiff $2900. Said John was to pay the difference, when they (the plaintiff and said John) could hold the "Myrick land" by possession from the time said Jonathan Little got judgment for the land against Paul Gardner. The heirs of said Jonathan got judgment against Paul Gardner in 1831. Said John was to pay the balance of $250, when they could hold the land against the Myrick heirs, by possession of twenty years from the time the said Jonathan got judgment. The contract was not in writing. The $2650 was paid or secured at the time, and the plaintiff gave said John a deed of the land, and John occupied it from that time until his death, in June, 1852, and his heirs since.

John P. Stickney testified for the plaintiff that in 1843 he was at work on said Myrick land for said John Little, and that he then heard him say that if there was not any trouble from the

time he bought the land of the plaintiff till he could hold it by possession, he was to pay the plaintiff $200 or $250, he did not remember which.

William R. Little testified for the plaintiff, that, three or four months before the death of said John he was present when the plaintiff and said John settled their book accounts; said John paid the plaintiff a balance that was found due him, and the books were settled.

The plaintiff then mentioned to said John something about the Myrick land, and told him there was something due him (the plaintiff,) on that land. Said John replied, "there was $250." Witness heard nothing more said.

L. P. E. Richards testified for the plaintiff, that about the first of January, 1853, he went with the plaintiff, at his request, to the defendants. Found them in a barn. The plaintiff then demanded of them all the deeds and papers which John Little had belonging to him. " I think he said something about some money which John Little owed him before he died. He said $250, I think. He wanted them to pay that. I think that money was for some land — can't be definite about it — think they called it the Myrick land. There was something said about the Knight land, or land adjoining the Knight land. They replied that they had no papers, and did not owe him anything; think they told him to go ahead, if he wanted anything of them."

On cross-examination witness said: " Would not say the demand for the $250 was not for the land adjoining the Knight land; can't swear whether it was for the Myrick land or for the land adjoining the Knight land; no recollection of seeing any paper taken out at the time, or in any one's hand. The defendants were at work around the barn.

The plaintiff offered no other evidence, and the defendants, offering no evidence, moved for a nonsuit—

Because of variance between the special counts and the evidence:

Because the contract, not being in writing, was void by the statute of frauds:

Little *v*. Little.

Because there was no exhibition of the demand to the defendants in writing, and request for them to pay the same, as required by the statute :

Because the plaintiff could not recover upon the general count.

The court ruled that the plaintiff could not recover on the special counts, by reason of variance from the proof, but might recover on the general count, and denied the motion :

Whereupon a verdict was taken for the plaintiff, by consent, judgment to be rendered thereon, or the same to be set aside and a nonsuit entered, as the Supreme Judicial Court shall order.

*Wells*, for the plaintiff.

The question here is, was the evidence competent to be submitted to the jury, upon the claim of the plaintiff to recover the $250.

The statute of frauds has no connection with this case. The contract between the parties was for the conveyance of the land, and the conveyance was perfected. The consideration for that conveyance, if not paid, is due, unless barred by limitation of law, and that is met by the terms of the promise, and the ad-admission of John Little in 1843 and in the spring of 1852.

The plaintiff may recover on the general count and verbal promise for land sold. *Hall* v. *Hall*, 8 N. H. 129 ; *Lazelle* v. *Lazelle*, 12 Vt. 443 ; *Goodwin & al.* v. *Gilbert & al.*, 9 Mass. 510 ; *Newell* v. *Hill*, 2 Met. 180.

The plaintiff's demand was not in writing, and the statute does not require it to be presented in writing. To exhibit, is to make known. He did that, and although the witness was a little obscure, yet it was for the jury to determine upon the evidence. The defendants did not express a desire for any more specific information, but denied *all* indebtedness, and told the plaintiff to go ahead.

The admission of John Little in the Spring of 1852 shows that the time for payment had expired, and that the $250 was then due the plaintiff.

*Marston,* for the defendants.

1. There was no such exhibition of the demand to the executors before suit, as the statute requires. A verbal claim is not an exhibition of a demand, and is insufficient. In this case the claim made was altogether too indefinite and uncertain. *Mathes* v. *Jackson,* 6 N. H. 106; *Tebbets* v. *Tilton,* 11 Foster (31 N. H.) 273.

2. The alleged agreement was not to be performed within one year, and, not being in writing, was void by the statute of frauds. Comp. Laws, ch. 191, sec. 9.

It could not by any possibility be performed within one year. It could not be performed on *either side* within that time. Stephen Little guarantied to John the possession of the Myrick land for twenty years from 1831, and John agreed therefor to pay him $250 at the expiration of that time, in case Stephen fulfilled his agreement. But in this country it has generally been held that the statute applies in cases where the agreement is not to be performed in a year by one party only. *Cabbot* v. *Haskins,* 3 Pick. 83; *Lockwood* v. *Barnes,* 3 Hill 128; *Broadwell* v. *Gilman,* 2 Denio 87; *Lapham* v. *Whipple,* 8 Metcalf 59; *Hill* v. *Hooper,* 1 Grey 131.

3. A special agreement having been shown, but varying from the declaration, the plaintiff cannot recover under the general count. He might sustain a proper count on the special agreement. One party can never convert a special contract into general *indebitatus assumpsit. Culver* v. *Barnet,* 1 Tyler 182; *Weaver* v. *Burroughs,* 1 Strange 648; *Richardson* v. *Smith,* 8 Johns. 439.

But in this case the proof is not adapted to the general count at all. The consideration for the promise to pay the $250 was not the sale of the land, but the undisturbed possession of the Myrick land for twenty years. *Robertson* v. *Lynch,* 18 Johnson 451.

SAWYER, J. It has never been understood that the statute which requires claims against the estate of a person deceased to

be presented to the administrator before suit brought, contemplated a written statement, or specification of the claim, as essential.

In *Tebbets* v. *Tilton,* 31 N. H. (11 Foster) 273, it is said the claim may be presented in any form which brings the nature and amount of the claim distinctly to the notice of the administrator, unless, in the case of a claim founded upon a promissory note, or other contract in writing, he objects to the mode in which it is exhibited where the original paper is not produced, and requires that to be exhibited. In that case, and in *Mathes* v. *Jackson,* 7 N. H. 259, it was held that presenting a copy of the note constituting the claim is a sufficient exhibition of it, within the meaning of the statute, if he does not require the original to be produced.

There is nothing in the statute which indicates that a written statement is contemplated. The object of the statute is to bring the claim to the knowledge of the administrator, that he may be enabled to judge whether or not to apply for a decree of insolvency, and also that he may make enquiry into it with a view to furnish himself with the necessary information for its proper adjustment. Both these purposes are as fully subserved by any other form of presentment which gives him to understand its nature and amount, as by a specification of it in writing. From the testimony of Richards, though somewhat confused and indefinite, the jury might have found that the plaintiff, in January, 1853, demanded of the defendants the sum of $250, due to him from their testator, on account of the sale of the Myrick land, and that they, understanding the nature and amount of the claim, and the object and purpose of the plaintiff in making the demand upon them, declined to do any thing in relation to it. The evidence was competent to be submitted to the jury upon the question whether the claim was exhibited to the defendants before suit brought.

Another question raised by the case is, whether, upon the facts which the evidence reported tends to establish, the plaintiff is entitled to recover under the general count in *indebitatus assumpsit.*

Repeated decisions in our own courts have recognized the doctrine, established by numerous authorities elsewhere, that when all the stipulations of a contract have been fulfilled on the part of one of the parties, and nothing remains to be done under it but the payment by the other of a fixed and definite sum, a recovery may be had for the money thus to be paid under the general count, although, for a breach of the contract in all other particulars than the payment of such money, a special count, setting forth the contract, might be required. *Mitchell* v. *Gile*, 12 N. H. 390 ; *Hale* v. *Handy*, 26 N. H. (6 Foster) 206 ; *Insurance Co.* v. *Hunt*, 30 N. H. (10 Foster) 219.

We think this case is one for the application of that doctrine. The facts which the jury might have found upon the evidence introduced, are the following: Jonathan Little, the father of the plaintiff, and of the defendants' testator, died in 1829, leaving the two sons his heirs-at-law. They, claiming the "Myrick land" as his heirs, brought their action to recover possession against Gardner, and in 1831 obtained judgment, entered into possession, and retained it until 1839, when the plaintiff executed a conveyance of that tract, with other lands, to the defendants' testator, under an agreement on his part to pay or secure therefor $2650 at the time of the conveyance, and the further sum of $250 at the expiration of twenty years from the rendition of the judgment, if the possession under the judgment should continue undisturbed for those twenty years, so as to quiet the title upon which it was founded against any adverse claim of the Myrick heirs. This is the whole of the agreement to be gathered from the evidence. There is nothing in it to show that the plaintiff undertook that the possession should continue undisturbed, nor that he contracted to do any thing on his part beyond the execution of the conveyance. His contract was all performed when he delivered the deed to the testator, whether the possession should be disturbed or not. The contract of the testator, on the other hand, was in the alternative, to pay the additional $250, in the event that the possession continued undisturbed; but to pay nothing beyond the $2650 if it should be interrupted.

The whole arrangement, beyond that of giving the deed on one side and paying or securing the purchase money on the other, consisted in the stipulation for paying a further sum as a part of the purchase money, if a certain contingency should happen : to wit., the quiet occupation for the twenty years, and for the payment of nothing farther if the contingency should not happen. In the event that the possession should be disturbed, the whole contract was fully executed, in all its stipulations, on both sides, upon the instant of the delivery of the deed and the receipt of the money, or securities for the $2650. In the other event, it remained that the testator should pay the $250 — a part of the purchase money agreed to be paid as so much towards the consideration for the conveyance. The twenty years having elapsed without any interruption or disturbance of the possession, the jury would have been warranted in finding upon the evidence that the contingency upon which the payment of the $250, as a part of the purchase money, depended, had occurred, and that, consequently, this additional sum had become due to the plaintiff. Nothing remaining to be done under the contract but to pay that sum, the plaintiff may recover it under the general count.

The view thus taken disposes of the other question which has been made in the case, whether the agreement is within the statute of frauds. The case is not one of an agreement on one side to pay the $250 at the expiration of the twenty years, in consideration of an undertaking on the other that peaceable possession shall be had during that period. The quiet possession for the twenty years was obviously the inducement for the promise to pay the additional $250, but it was to be paid as an addition to or enlargement of the consideration for the conveyance. The entire sum of $2900 was agreed to be paid, absolutely as to part and conditionally as to the residue, as the purchase money for the land. The whole consideration for which that sum was to be paid went into the hands of the testator, as was stipulated by the terms of the agreement, immediately upon the contract being made, and he has received the full benefit of it. For this the plaintiff has the right of action under the general count upon the

promise to pay, which the law raises, and such promise is not within the statute of frauds. *Goodwin* v. *Gilbert*, 9 Mass. 514 ; *Moore* v. *Ross*, 11 N. H. 547 : *Fiske* v. *McGregory*, 34 N. H. 414.

*Judgment on the verdict.*