MERRIMACK.

Ayer v. Chadwick, *Adm'r.*

| 66 | 385 |
| 69 | 583 |
| 66 | 385 |
| 72 | 194 |

Proof that an administrator, on being called on for payment of a note against his intestate, admitted it to be due and promised payment, is evidence of an exhibition of the claim.

ASSUMPSIT, on a joint and several promissory note for $1,000, dated October 1, 1873, signed by the defendant, the defendant's intestate, and one Ellen F. Chadwick, and payable to the plaintiff or order, on demand, with interest annually.

Facts found by the court. In the spring of 1886 the defendant's intestate acknowledged his liability, and renewed his promise to pay the note. He died in the fall of 1886. The defendant, his son, was appointed administrator of his estate October 26, 1886. The plaintiff's agent met the administrator soon after his appointment, called his attention to the note, and told him he would present it at any time and at any place the administrator desired. The administrator agreed to pay the note as soon as he could sell some land belonging to the estate, representing that he could do so in a short time. Prior to the first day of April in each year thereafter the plaintiff's agent demanded payment from the defendant as administrator, who on each occasion promised to pay the note, and October 14, 1889, sent him $100 to be applied on the note. The note was never formally exhibited to the administrator, but at the times the claim was presented, as above described, he was as fully and distinctly informed of the nature and amount of it as he could have been by the formal exhibition of the note. At these times he made no objection to the claim or to the method of its presentation, and did not ask or desire that the note should be visibly exhibited, but, having full knowledge of the nature and amount of the claim, promised to pay it.

Judgment was ordered for the plaintiff, and the defendant excepted.

*Albin & Martin*, for the defendant.

*Chase & Streeter*, for the plaintiff.

SMITH, J. A claim against the estate of a person deceased may be presented in any form which brings the nature and amount of it distinctly to the notice of the administrator. A written statement or specification is not essential, at least when no objection is made for want of one. The design of the statute being to bring

claims to the knowledge of the administrator so that he may be enabled to judge in what manner the estate may be settled, any form which brings the nature and amount of a claim distinctly to his notice is a compliance with the statute. *Tebbetts* v. *Tilton*, 31 N. H. 273; *Walker* v. *Cheever*, 39 N. H. 420; *Little* v. *Little*, 36 N. H. 224.

The defendant was one of the signers of the note held by the plaintiff, and therefore knew, and also was fully informed by the plaintiff, of the nature and amount of his claim. He made no objection to the claim or to the method of presenting it, nor did he ask that the note be exhibited. With full knowledge of the nature and amount of the claim, he promised to pay it, and subsequently paid a portion of it. A formal presentation of the note would not have given him any additional information in regard to the claim. The plaintiff was evidently led to understand, from the defendant's promise to pay, that a more formal presentment was not desired. If a more formal presentment would otherwise have been necessary, the defendant is estopped to deny it. The case, in its facts, is almost exactly like that of *Mathes* v. *Jackson*, 7 N. H. 259, where it was held that the transaction might be considered equivalent to an exhibition of the demand within the meaning of the statute, or as evidence from which a jury ought to find that the note had been presented to the defendant at some time.

*Exceptions overruled.*

DOE, C. J., was absent: BLODGETT, J., did not sit: the others concurred.