Hillsborough ⎫
Dec. 7, 1926. ⎭

CHARLES M. WATSON v. ANNA S. CARVELLE, *Adm'x.*

Exhibition of a demand to an administrator before suit against him therefor must be affirmatively established at the trial thereof as part of the plaintiff's case. (P. L., c. 302, s. 1.)

Under P. L., c. 302, s. 2, proof that notice of such claim was sent by registered mail is sufficient without proof of personal service, and proof of the receipt of an unregistered letter containing such notice renders registry unnecessary.

Exhibition of a claim may be made orally or in writing; and adequate information given orally by the claimant, or by one speaking in his behalf, will supply the deficiency of the writing in not stating the nature of the claim.

Exhibition must be made of a claim whether liquidated or unliquidated, and whether sounding in contract or tort and a statement of the amount of such claims is essential to their legal exhibition in the first instance and without request therefor by the administrator.

An action against an administrator upon a claim against his intestate by reason of the plaintiff's failure to exhibit his claim as required by P. L., c. 302, ss. 1, 2, 3, cannot be maintained, but may be amended into a petition for the determination of any right which the plaintiff may have under P. L., c. 302, s. 28.

CASE, for negligence of the defendant's intestate. On the defendant's plea that she had no legal notice of the claim before suit was brought, there was a hearing at which the evidence tended to show that the plaintiff's attorney notified her by letter that he held "an unliquidated claim" for the plaintiff against the estate, that she thereupon made inquiry what the claim was, and that the plaintiff's father "explained to her in a manner calculated to let her know the nature of the claim, but he did not inform her as to the extent of the plaintiff's injury, nor the amount claimed therefor." The court ruled that the sufficiency of the notice was an issue for the jury and directed its submission with the trial of the case. The defendant excepted to the ruling that the question was one of fact for the jury and to the refusal to rule whether there was sufficient notice as matter of law, and in advance of the trial the exceptions were transferred by *Sawyer*, C. J.

*Aloysius J. Connor* (by brief and orally), for the plaintiff.

*Irving E. Forbes* and *Doyle & Doyle* (*Mr. Forbes* orally), for the defendant.

ALLEN, J. The exception to the ruling that the sufficiency of the notice was for the jury to pass upon, so far as it raised the procedural question of the court's or jury's province to decide the issue, must be overruled. Whatever might be thought if the question were of first impression, authority has long and uniformly established the proposition that proof of notice is to be affirmatively established at the trial as part of the plaintiff's case. *Mathes* v. *Jackson*, 6 N. H. 105; *Kittredge* v. *Folsom*, 8 N. H. 98; *Little* v. *Little*, 36 N. H. 224, 229; *Amoskeag Mfg. Co.* v. *Barnes*, 48 N. H. 25; *Clough* v. *McDaniel*, 58 N. H. 201; *Libby* v. *Hutchinson*, 72 N. H. 190, 194.

On the question of the sufficiency of the evidence to support a finding that the requirements of the statute were complied with, the exception presents chiefly the inquiry if in giving notice of an unliquidated claim its amount must be stated, or if not, a statement given of the extent of the injury to which the claim relates. That the notice was otherwise sufficient could clearly be found. By Laws 1919, c. 69, s. 1 (P. L., c. 302, s. 2), a notice sent by registered mail dispenses with the previous requirement of the statute as established by judicial construction (*Judge of Probate* v. *Runnells*, 66 N. H. 271; *Strafford Savings Bank* v. *Church*, 69 N. H. 582) that the notice must be given to the defendant in person. While it does not appear here that the letter was registered, there is evidence that the defendant received it, and proof of such receipt makes registry unnecessary. The requirement for registration is intended only as a conclusive substitute for other proof of the receipt of the letter, and the receipt being otherwise proved, registration becomes immaterial. Registration of a letter is required, not to affect the manner of giving notice, but merely to show its receipt. The statute in requiring registration only means that mailing an unregistered letter is no evidence of its receipt in such a case, contrary to the general rule as stated in *Wilson* v. *Insurance Co.*, 77 N. H. 344, 346.

While the letter did not set forth the nature of the claim there was evidence that on immediate inquiry after its receipt the defendant was informed what the claim was for by one speaking in the plaintiff's behalf. Such information, if given, supplied the deficiency of the letter in stating the nature of the claim. The claim may be made orally as well as in writing. *Little* v. *Little*, *supra; Ayer* v. *Chadwick*, 66 N. H. 385; *Dewey* v. *Noyes*, 76 N. H. 493. And that it may be made partly in each way does not appear objectionable.

In considering the requirement of stating the amount of the claim

on its presentation as an essential part of it, no cases are found passing specifically on an unliquidated claim in this respect. In *Tebbetts* v. *Tilton*, 31 N. H. 273, 282, the court says: "The reasonable rule . . . is that a claim may be presented in any form which brings the nature and amount of it distinctly to the notice of the administrator, unless he objects, and asks that the evidence, if in writing, should be presented to him." This pronouncement has never been qualified, but has been adopted whenever the question has in any way been raised. *Little* v. *Little, supra; Judge of Probate* v. *Runnells*, 66 N. H. 271; *Dewey* v. *Noyes, supra*. In *Judge of Probate* v. *Runnells, supra*, a letter notifying the defendant of a claim against an estate was followed by a talk in which the amount of the claim was approximately but not definitely stated. While the decision, rendered before the 1919 act relative to notice by mail, held that presenting a claim by letter was not a compliance with the statute, it also held the oral part of the presentation insufficient in its failure to state "a specific demand with which she [the defendant] might immediately comply."

The case of *Ross* v. *Knox*, 71 N. H. 249, is also in accord with the rule. The claim there presented was in itemized form, a fact which did not authorize an inference that the items were not added. And while it is also said that the sum of the items need not be stated unless called for, the fact that from the intrinsic evidence of the claim its full amount was ascertainable broadly distinguishes it from a case of a claim which contains nothing to show its amount. The claim showed its amount, if indirectly. Even unaccrued and contingent demands must be exhibited within the year, although special provision for their payment is made by the statute (P. L., c. 302, s. 6). *Cummings* v. *Farnham*, 75 N. H. 135, 137, and cases cited.

The expressed requirement of the statute that payment be demanded would seem decisive of the need of stating the amount claimed. While demand, when not otherwise required, may be implied from the exhibition of the claim (*Kittredge* v. *Folsom*, 8 N. H. 98; *Ross* v. *Knox*, 71 N. H. 249, 250), it cannot be when the amount is not stated. A demand which may be paid must contain a statement of its amount, since without it payment is impossible. The objects sought to be accomplished by the statute of expediting the settlement of estates and of enabling the representative to pay just claims without suit (*Jaffrey* v. *Smith*, 76 N. H. 168, 174) confirm the inclusion of the amount as an integral and essential part of the claim. Since the statute requires action by the claimant at

the outset, the defendant's right to the information in the presentation of the claim is not affected by his probable ability to obtain it by inquiry.

While an unliquidated claim is indefinite in amount, while the amount cannot be made certain by one party alone or by mere calculation, while "the damages in such cases are an uncertain quantity, depending upon no fixed standard" (*Cox* v. *McLaughlin*, 76 Cal. 60), and while the determination is therefore left to judgment by adjustment or litigation, yet the representative is entitled to be informed so he may decide whether or not to undertake to settle without suit, and the statute contemplates that such information as a basis for investigation and action should be given him in the first instance rather than sought and ascertained on inquiry by him. "To put the defendant on track of information was not enough." *Judge of Probate* v. *Runnells*, 66 N. H. 271, 272. While a statement to the decedent of the amount of an unliquidated claim is perhaps ordinarily without practical value, yet in making it to the representative it meets a purpose of the statute in giving information needed in connection with investigation and in reaching a conclusion. whether to undertake to settle or to contest the claim. The claimed extent of the injury is reflected in the amount of the claim, and it is usually of as much practical importance to the representative to know how much of a claim is made as to learn of its nature.

The difference between the decedent's lack of right and the representative's right to be informed of a claim before suit is brought, avoids analogy between the *ad damnum* of a writ in a suit against the former and the amount of a claim in its exhibition to the latter, as a technical formality. Statement of the amount cannot therefore be regarded as an unessential part of a claim in its presentation when the claim is unliquidated any more than when it is liquidated. Such statutes are to be construed reasonably (*Bullard* v. *Moor*, 158 Mass. 418, 424), and while they are not intended to deprive claimants of the right to collect or litigate their claims, reasonable construction in the light of the language and purposes of the statute clearly calls for the requirement. When as here the claim, besides stating no amount, furnished no information of the extent of the injury claimed both accruedly and prospectively, its deficiency becomes all the more marked.

When the original statute was enacted in 1789 (Laws N. H., *vol. 5, pp.* 384, 390), actions of tort did not survive and unliquidated

claims against estates were limited to those based on contract. The statute was construed in *Kittredge* v. *Folsom*, 8 N. H. 98, 105, as not making necessary a demand for payment of a claim on its presentation, but all amendments commencing with the Revised Statutes (R. S., c. 161, s. 1) state the requirement. Prior to the 1919 act already cited the legislation for the survival of tort actions had been enacted. See *West* v. *Railroad*, 81 N. H. 522, 524–528. The 1919 act provides in terms that the amount as well as the nature of the claim shall be set forth in a demand made by letter. Its enactment in the light of the existing legislation for the survival of tort actions and of the judicial construction of the statute it amended shows the legislative purpose not to lessen the claimant's burden except in the optional right of giving notice either in person or by mail. Its language emphasized the need of stating the amount, and failure to qualify and limit the need is to be regarded and treated as intentional.

In seeking information as to the nature of the claim the defendant did not lose the right to be told its amount by her failure to inquire what the amount was. Silence on the point was no indication of a purpose to forego her rights, even if it appeared that she knew she had the right to such notice. If entitled to notice of the amount, she took no action to avoid its receipt. Failure of inquiry though accompanied by the inquiry about the nature of the claim would not justify a conclusion that information as to the amount was therefore not given. While the defendant "may . . . so conduct himself during the time allowed for the exhibition of the claim that he will thereafter be estopped to deny the sufficiency of the exhibition" (*Jaffrey* v. *Smith*, 76 N. H. 168, 173), there is no evidence here of such conduct on the defendant's part. There was neither denial nor recognition of liability and neither promise nor refusal to settle. The evidence that the defendant intimated to the plaintiff's agent that the decedent "hadn't been right for some time before he died and shouldn't have been practicing" cannot be found to have affected the plaintiff's action in respect to giving notice of the amount of the claim.

Nothing herein is intended to deprive the plaintiff of any right as given by P. L., c. 302, s. 28, and if he desires to proceed thereunder, no objection appears to so doing by amendment of the present suit.

*Exceptions sustained.*

All concurred.