Rockingham, }
April 7, 1936. }

## W. A. EMERSON'S SONS, INC.

*v.*

## JOHN F. CLOUTMAN & a, Ex'rs.

*Joseph Berak* (of Massachusetts), *John L. Mitchell* and *Ralph G. McCarthy* (*Mr. McCarthy* orally), for the plaintiff.

*Arthur T. Smith* (of Massachusetts) and *Hughes & Burns* (*Mr. Hughes* orally), for the defendants.

MARBLE, J.   Apart from the relief afforded by P. L., c. 302, s. 28, the creditor of a deceased person cannot maintain an action on his claim against the decedent's estate unless his demand has been exhibited to the executor or administrator within one year after the original grant of administration.   P. L., c. 302, s. 3.   And this rule applies to unaccrued and contingent demands, although special statutory provision (P. L., c. 302, s. 6) is made for their payment. *Watson* v. *Carvelle*, 82 N. H. 453, 455; *Cummings* v. *Farnham*, 75 N. H. 135, 137, and cases cited.

Section 28 of chapter 302 provides that "Whenever any one has a claim against the estate of a deceased person, which has not been prosecuted within the time limited by law, he may apply to the superior court, by petition setting forth all the facts; and if the court shall be of the opinion that justice and equity require it, and that the claimant is not chargeable with culpable neglect in not bringing his suit within the time limited by law, it may give him judgment for the amount due to him . . . ."

Relief under this section is not confined to those cases where the creditor has exhibited his demand to the executor within the year but has failed to bring his suit within the two-year period of limitation (P. L., c. 302, s. 5), since the same cause which prevents the commencement of a suit may also prevent the exhibition of the claim. *Libby* v. *Hutchinson*, 72 N. H. 190, 194; *Page* v. *Whidden*, 59 N. H. 507, 511; *Webster* v. *Webster*, 58 N. H. 247.   Hence, though there has been no presentation of the claim within the prescribed time, action may be brought under section 28 if justice and equity require it and the plaintiff's neglect to comply with the statutory requirements is not culpable.   In brief, the section is interpreted as a statute "enacting that the time for notice be extended under certain stated conditions." *American University* v. *Forbes, ante,* 17.

The bill in the present case was brought within the time limited by section 5, so that the only question presented relates to the plaintiff's failure to exhibit its demand in accordance with the requirements of section 3.

Apparently the motion to dismiss on the ground that the plaintiff's claim had not been seasonably presented was denied by the presiding justice without reference to the facts alleged in the plaintiff's bill.   Assuming, however, that the order was technically cor-

rect in view of the narrow question raised at the informal hearing, it does not follow that the case should be remanded to the superior court for the "further proceedings" contemplated.

While the issue of culpable neglect is ordinarily one of fact for the determination of the trial court (*Libby* v. *Hutchinson*, 72 N. H. 190, 192, and cases cited), yet the usual "limitation affecting the submission of all questions of fact to the jury" applies in cases of this kind, and if the only reasonable conclusion which can be drawn from the facts on which the plaintiff relies for relief (all of which must be set forth in the bill or petition), is that failure to present the claim was due to the plaintiff's own culpable neglect then there is no question for the trial court to decide. *Gahagan* v. *Railroad*, 70 N. H. 441, 445, and cases cited. Argument has been made on this broader ground, and in order to hasten final disposition of the controversy we have considered the case as though the defendants' answer and motion were a demurrer to the bill. See *Boston & Maine R. R.* v. *State*, 76 N. H. 515, 517; *Fidelity &c. Co.* v. *Brennan*, 85 N. H. 291, 296.

The word "culpable" is defined as "censurable," "blamable," "being in or at fault." The mere fact that the plaintiff could not estimate its loss did not entitle it to relief on grounds of "justice and equity." The executors had a right to be informed of the claim despite its indefiniteness (*Watson* v. *Carvelle*, 82 N. H. 453, 456), and the plaintiff knew at least the maximum sum covered by the testator's guaranty. There is no allegation that failure to exhibit the demand was due to any mistake of law or of fact. No fraud, misrepresentation, or deceit on the defendants' part is suggested. It does not appear that there was any relation of trust or confidence between the parties, or that the defendants, as in *Powers* v. *Holt*, 62 N. H. 625, were aware of the claim and promised the plaintiff to pay it.

In short, no facts are alleged from which it could fairly be found that the plaintiff's failure to present its claim to the executors within the required time was not due to the plaintiff's own culpable neglect.

Nothing herein contained is to be construed as abridging the plaintiff's right to move to amend its bill by setting forth proper grounds for relief.

*Case discharged.*

All concurred.