Hillsborough,
No. 4491.

LEO C. VANNI *& a. v.* LAVINA M. CLOUTIER, *Adm'x, & a.*

Argued June 6, 1956.

Decided July 6, 1956.

*Craig & Craig (Mr. William H. Craig, Jr.* orally), for the plaintiffs.

*Bell & Bell (Mr. Ernest L. Bell, III* orally), for the defendants.

GOODNOW, J. RSA 556:3 specifically provides that no action shall be sustained against an administrator unless the demand required by RSA 556:1 is exhibited to him within one year after the original grant of administration. These statutory requirements apply to causes in tort for personal injuries as well as to other claims. *Hall* v. *Brusseau,* 100 N. H. 87. The commencement of actions within the one-year period by Leo C. Vanni and his wife, setting forth nothing more than a claim in the common counts in each case, was not a sufficient exhibit of their demands for damages on account

of personal injuries to meet the requirements of these sections (*Watson* v. *Carvelle*, 82 N. H. 453, 457) and was plainly inadequate to so qualify as to the claims now made on behalf of the minor son, Bruce D. Vanni, and those of Leo C. Vanni for consequential damages suffered by him as the husband of Ferne and the father of Bruce. This failure of the plaintiffs to present a proper demand within one year does not, however, result "in the complete abolition of [their] rights at law," as claimed by the defendants. Relief may be afforded, as is sought by the petition in this case, under RSA 556:28 which provides as follows:

"EXTENSION OF TIME. Whenever any one has a claim against the estate of a deceased person, which has not been prosecuted within the time limited by law, he may apply to the superior court, by petition setting forth all the facts; and if the court shall be of the opinion that justice and equity require it, and that the claimant is not chargeable with culpable neglect in not bringing his suit within the time limited by law, it may give him judgment for the amount due to him. . . . "

Relief under this section is not confined to those situations where suit has not been brought within the two-year period limited by RSA 556:5. "Though there has been no presentation of the claim within the prescribed time, action may be brought under section 28 if justice and equity require it and the plaintiff's neglect to comply with the statutory requirements is not culpable." *Emerson's Sons* v. *Cloutman*, 88 N. H. 59, 61.

"Culpable neglect has been defined to be that which is censorious, faulty or blamable." It exists "if no good reason, according to the standards of ordinary conduct, for the dormancy of the claim is found." *Mitchell* v. *Smith*, 90 N. H. 36, 38. The issue of whether the plaintiffs acted with culpable neglect in failing to present their claims to the administratrix within one year after her appointment on November 3, 1953, was determined by the Trial Court in the plaintiffs' favor and this finding is not to be set aside if supported by any competent evidence. *Sullivan* v. *Bank*, 99 N. H. 226, 228.

The statute requiring that demand be made upon the administrator of an estate within one year after the appointment (RSA 556:3) is one of those provisions the purpose of which "is to secure the orderly and expeditious settlement of estates." *Sullivan* v. *Marshall*, 93 N. H. 456, 458. The administrator is entitled to be informed "so he may decide whether or not to undertake to settle

without suit." *Watson* v. *Carvelle*, 82 N. H. 453, 456. However, when the assets of an estate are such that, as to tort claims against it, "any judgment recovered . . . must be satisfied by" an insurance company providing coverage for the accident and the terms of the applicable policy provide that "the company controls all negotiations for settlement," as was agreed in this case, the actions of the insurance company may provide the basis for determining whether claimants who neglect to make demand upon the administrator within one year have acted culpably or otherwise.

The plaintiffs admittedly never talked or communicated in any way with the administratrix or her lawyer within the one-year period which expired November 3, 1954. However, from a time shortly after the accident on October 18, 1953, until well into the year 1954, they were visited on several occasions by a representative of the defendant Merchants Mutual Casualty Company, the insurer of the Cloutier car, who "talked about the accident and . . . said his company would settle . . . He told us to keep track of our bills and he would talk with us and settle when we got better . . . He said he would talk with us whenever we were well and had our bills all together." He was given no copies of the bills "because he gave me to understand that we all had to be well before I could do that." On one of his visits, when he was told by Leo that the Cloutier estate had a lawyer and that he, Leo, was going to get one, the representative "said he wished I wouldn't see a lawyer; he wished I would see him." After the visits of the insurance company representative stopped, no effort was made to communicate with him "because he had led us to believe there was no use until everybody was all over their injuries." On October 7, 1954, the plaintiffs consulted a lawyer for the first time and told him "all the facts as to what had occurred up to that time." On October 15, 1954, service was made upon the plaintiff Leo in an action brought against him by the administratrix. On these facts, it could clearly be found that the plaintiffs and their lawyer, without fault on their part, mistakenly believed that a demand upon the administratrix in connection with their claims would not be required as a preliminary to the bringing of tort actions. Such a mistake of fact would constitute "good reason, according to the standards of ordinary conduct," (*Mitchell* v. *Smith*, 90 N. H. 36, 38) for the plaintiffs' failure to comply with the statute. A finding of culpable neglect is not compelled.

Although the statute requires the filing of a "petition setting

forth all the facts" (RSA 556:28) the plaintiffs' petition alleges merely that "on October 18, 1953, the plaintiffs and their minor son were injured in an automobile accident caused by the negligence of Wilfred F. Cloutier." By its order of May 23, 1955 permitting the plaintiffs to bring five tort actions on or before June 15, 1955, the Court in effect granted leave to amend the petition by adding a sufficient specification of the plaintiffs' claims to permit the introduction of evidence upon which a judgment under section 28 might be entered. This it was entitled to do in its discretion. *Sullivan* v. *Bank*, 99 N. H. 226, 229. The defendants can hardly complain that the Court abused its discretion in establishing the method for amendment of the petition which it did. The procedure prescribed was one under which the plaintiffs' claims may be consolidated for trial with all other actions arising out of the same accident, including that of the administratrix against Leo Vanni, and their validity and amount determined. Final judgment on the petition will depend upon the outcome of that trial.

During the cross-examination of Mrs. Vanni, she was questioned with regard to her deposition taken before trial in which she was asked "Has any one ever told you that they would pay your claim arising out of this accident?" and had answered "Never." Upon redirect examination, plaintiffs' counsel was permitted to call the witness' attention to three other questions and answers in the same deposition, the first two being introductory and the answer to the third being: "Just about every time that I saw [the insurance company representative] . . . he reassured me that everything was going to be all right as far as settling was concerned." This answer clearly tended to qualify and explain the question and answer inquired about on cross-examination and its use for this purpose was proper. *Williams* v. *Williams*, 87 N. H. 430, 433.

*Exceptions overruled.*

DUNCAN, J., dissented: the others concurred.