Cheshire,
No. 5804.

WILLIAM E. DAVIS, JR.

*v.*

PAUL S. CRAY, *Executor.*

Argued September 4, 1968.
Decided October 1, 1968.

*John C. Fairbanks* ( by brief and orally ), for the plaintiff.

*Bell & Kennedy* ( *Mr. Ernest L. Bell III* orally ), for the defendant.

GRIMES, J. This action was brought to recover for professional services as a veterinarian and for drugs alleged to have been furnished the deceased for his race horses. The case was transferred on exceptions of the defendant by *Dunfey*, J., who rendered a verdict for the plaintiff in the amount of $2,558, the full amount claimed.

Defendant claims that there was no exhibition of the claim to the executor within six months of August 19, 1965, the date of the original grant of administration of the estate of Eugene F. Cray who died on August 12, 1965, sufficient to comply with RSA 556:1-3.

The plaintiff testified that he had been sending monthly bills to the deceased and that after reading of his death, he mailed a complete set of photostatic copies of bills to his estate and that the letter was not returned. Receiving no reply, he turned the claim over to a collection agency which sent two collection letters which the executor admitted receiving within the six months period after the grant of administration. Although the executor denied having received the copies of the bills which included a complete itemization of all charges, the Trial Justice was at liberty to disbelieve him and find on the evidence that he did receive them before he received the collection agency letters and that there was therefore sufficient exhibition and demand ( *s.* 2 ) within the statutory period. *Indian Head Millwork Co.* v. *Glendale Homes*, 104 N. H. 312; *Wilson* v. *Insurance Co.*, 77 N. H. 344.

It is claimed that the notices which the executor admitted receiving did not comply with the requirements of RSA ch. 556 because there was no itemization of the charges. RSA 556:2 provides that "notice sent to the administrator . . . by registered mail, setting forth the nature and amount of the claim and a demand for payment, shall be deemed a sufficient exhibition and demand. " The notices received from the collection agency set forth the total amount of the claim, the nature of which was apparent from the copies of bills the Trial Court could find had been previously received. The fact that the collection notices con-

tained no itemization of the charges does not render them insufficient under RSA ch. 556. If the executor desired further clarification or itemization, he could have requested it. *Ross* v. *Knox,* 71 N. H. 249; *Ayer* v. *Chadwick,* 66 N. H. 385.

The fact that the notices actually received were not sent by registered mail does not invalidate them as defendant claims. RSA 556:2 does not provide an exclusive method of giving notice but simply provides that notice by registered mail "shall be deemed . . . sufficient." Registration eliminates the need for, but does not rule out, other proof that the notice was actually given. *Watson* v. *Carvelle,* 82 N. H. 453.

Defendant excepted to the admission of testimony by the plaintiff with respect to certain conversations with the deceased, relative to the latter's request for services and promises to pay. Defendant argues that the evidence is insufficient to support the findings necessary for the admission of the statements.

We do not accept the defendant's contention that the testimony should have been excluded because the record would not support the findings necessary for admission under RSA 516:25.

Records kept by the plaintiff of treatment performed and drugs delivered were properly admitted. The fact that a few were copied from a ledger, entries in which were made at the time of treatment and delivery, does not make them inadmissible under RSA 521:2. The entries were made "in the regular course of business" and "at or near the time of the act . . . " and the Court was warranted in finding that their admission in evidence was "justified." *Corey Steeplejacks Co.* v. *Cray,* 106 N. H. 126, 129; *Ouelette* v. *Pageau,* 150 Me. 159; 32 C. J. S. Evidence, *s.* 685 ( 1 ).

Defendant moved to dismiss the action because the copy of the writ which was left at the defendant's abode was not attested by the sheriff or his deputy in accordance with RSA 510:2. We find no error in the denial of this motion. There is no claim that the copy left at the abode was not a true copy. The defendant actually received it. Under the circumstances the omission of the officer's signature was harmless and no cause for abatement.

*Judgment on the verdict.*

All concurred.