Sullivan,
No. 6171.

EVA G. LUNDERVILLE

*v.*

MAYLAND H. MORSE, JR. AND RALPH V. CROSBY,
CO-EXECUTORS OF THE ESTATE OF J. PARK GODDARD.

January 31, 1972.

*Shulins and Duncan (Mr. Richard C. Duncan* orally) for the plaintiff.

*Hall, Morse, Gallagher & Anderson* and *F. Graham McSwiney* (*Mr. McSwiney* orally) for the defendants.

KENISON, C.J.    The issue presented in this case is whether there was a sufficient exhibition of the plaintiff's claim as a creditor to the defendant executors within six months of October 15, 1968, the date of the original grant of administration of the estate of J. Park Goddard, to comply with RSA 556:1 (supp.), 3(supp.). This is an action in assumpsit seeking payment for certain shares of stock transferred to the defendants' testator by the plaintiff. The action was brought within

one year of the date of appointment of the co-executors of the defendant estate. RSA 556:5(supp.). The Trial Court (*Dunfey*, J.) denied defendants' motion to dismiss on the alleged failure of the plaintiff to comply with the requirements of RSA 556:1(supp.), 3(supp.). Defendants' exceptions were reserved and transferred.

RSA 556:1 (supp.), 3(supp.) provide that no action shall be sustained against an administrator unless a demand has been exhibited to him and payment has been demanded within six months of the original grant of administration. It is settled law in this State that no method of compliance with these requirements is exclusive. RSA 556:2 permits notice sent by registered mail. But a claim may be presented in any form which brings to the notice of the executor or administrator the nature and amount of the claim and the purpose in presenting it. *Little* v. *Little*, 36 N.H. 224 (1858); *Dewey* v. *Noyes*, 76 N.H. 493, 84 A. 935 (1912). The claim may be oral or written, or a combination of both. *Frost* v. *Frost*, 100 N.H. 326, 125 A.2d 656 (1956); *Watson* v. *Carvelle*, 82 N.H. 453, 136 A. 126 (1926); 2 Woerner, American Law of Administration *s.* 387, at 1249 (3d ed. 1923). If further clarification or itemization is required, the executor or administrator can request it. *Davis* v. *Cray*, 109 N.H. 181, 246 A.2d 97 (1968).

Failure to give notice of claim within the prescribed six-month period of the so-called "nonclaim statute" serves to extinguish plaintiff's claim unless the remedy of RSA 556:28 is applicable. *Emerson's Sons* v. *Cloutman*, 88 N.H. 59, 184 A. 609 (1936); *Vanni* v. *Cloutier*, 100 N.H. 272, 124 A.2d 204 (1956). Proof of notice of claim has long been held to be a part of the plaintiff's case to be affirmatively established at trial. *Watson* v. *Carvelle supra.*

The notice here given which is alleged to have been sufficient to satisfy the requirements of our statute arose out of a conversation between co-executor Crosby of the Goddard estate and D. Kearns Gilbert, executor of the estate of one Hauver, sister of testator J. Park Goddard. Gilbert, a nephew of Goddard, was appointed executor of Mrs. Hauver's estate sometime in the middle of February 1969, following her death on or about December 30, 1968. He

then inventoried Mrs. Hauver's safety deposit box and found an unsigned promissory note for $12,200 from Mr. Goddard to Mrs. Hauver in payment for 122 shares of J.P. Goddard Realty Company stock. Subsequently, he was informed as a result of a conversation with Eva G. Lunderville, plaintiff herein, and a niece of Goddard, that she too held an identical unsigned note. Approximately ten days later, still within the statutory six-month period ending April 15, 1969, Gilbert became engaged in a conversation with co-executor Crosby during which he related to Crosby that the notes, for the amount of $12,200 each, represented payment for 122 shares of J.P. Goddard Realty Company stock. In the course of this same conversation, Mr. Crosby related that his co-executor, Attorney Mayland H. Morse, Jr., had advised that unsigned promissory notes would not be honored by the estate as they had no legal validity. Defendants contend that even if the Gilbert conversation provided knowledge of the nature and amount of the Lunderville claim, there was never any demand for payment by an agent or representative of plaintiff prior to the expiration of the six-month period. We consider that contention in the light of the evidence and the applicable law.

The primary purpose of the statute is to bring the claim to the knowledge of the executor so that he may make further inquiry into the claim with a view toward its orderly and expeditious adjustment and settlement. *Little* v. *Little,* 36 N.H. 224 (1858); *Davis* v. *Cray,* 109 N.H. 181, 246 A.2d 97 (1968); 1 Treat, New Hampshire Probate Law *s.* 314 (1968). The purpose is fully satisfied by any exhibition, written or oral, which gives the executor sufficient knowledge to understand the nature and amount of the claim. *Ayer* v. *Chadwick,* 66 N.H. 385, 23 A. 428 (1890). The Gilbert conversation did raise the issue and the amount of the alleged debt. That some form of demand for payment was made is evident from the unimpeached testimony that the co-executors did not feel bound to honor the unsigned promissory notes. This statement applies with equal weight whether made in reference to Mrs. Hauver's note or the identical note of Mrs. Lunderville. It should be remembered that the statute is to be applied with reference to the substance and realities of

the situation, and in determining whether the purpose of the statute has been achieved, "questions of form and technical exactness are of little consequence." *Hurd* v. *Varney,* 83 N.H. 467, 472, 144 A. 266, 270 (1929). For indication that this quotation is not an isolated thought but has been echoed in other probate decisions see *Protective Check Writer Co.* v. *Collins,* 92 N.H. 27, 30, 23 A.2d 770, 773 (1942): "Form yields to substance and realities prevail over skillfully drawn phraseology." *See generally* Uniform Probate Code *ss.* 3-801 to -804; Wellman, The Uniform Probate Code: Blueprint For Reform In The 70's, 2 Conn. L. Rev. 453, 493 (1970); 1 Merrill, Notice *s.* 10 (1952).

Additionally, there is little in the statute, applicable case law, or briefs of the parties that indicates by whom the exhibition and demand need be made. The requirement of personal presentment by the claimant or an agent (*Judge of Probate* v. *Runnells,* 66 N.H. 271, 21 A. 1020 (1890)) has been superseded by statute permitting, but not requiring, notice by registered mail. RSA 556:2. In *Watson* v. *Carvelle,* 82 N.H. 453, 454, 136 A. 126, 127 (1926), it was held that adequate information given by the claimant or "by one speaking in the plaintiff's behalf," was sufficient. The primary purpose of the statute is to provide notice of claim sufficient to secure the expeditious and orderly settlement of estates. Mr. Gilbert's reference to the Lunderville note stemmed directly from a conversation he had had with Mrs. Lunderville just prior to his discussion with co-executor Crosby. We are satisfied that he could be said to have been "speaking in the plaintiff's behalf."

The court's denial of the defendants' motion to dismiss was correct and the order is

*Exceptions overruled.*

All concurred.