Lewis v. Bristol Energy                    CV-94-461-SD   03/14/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Royden Lewis, Jr.;
Suzanne Lewis


        v.                                      Civil No. 94-461-SD


Bristol Energy Corporation, d/b/a
 Alexandria Power Associates



                              O R D E R


     In this diversity action, plaintiff Royden Lewis asserts

claims of negligence, negligence per se, and landowner liability

against defendant Bristol Energy Corporation.[1]  Plaintiff also

seeks punitive and/or enhanced compensatory damages.  Plaintiff's

claims arise out of injuries he allegedly sustained when he was

removing wood ash from a clogged ash hopper located on

defendant's premises.

     Presently before the court is defendant's motion to dismiss

the punitive and/or enhanced compensatory damages claim (Count

IV) of the complaint, to which plaintiffs object.  Also before

_____

     [1]Royden Lewis's wife Suzanne Lewis is also a plaintiff in
this action and seeks damages for loss of consortium.  For the
sake of clarity, however, the court's reference to "plaintiff"
herein includes only Mr. Lewis.

the court is plaintiffs' assented-to motion to amend their complaint, which is hereby granted.

## Background

Defendant Bristol Energy is the owner and operator of a wood-burning energy production facility located in Bristol, New Hampshire. Plaintiff Royden Lewis is a resident of Maine and was an employee of Allwaste Environmental Services (Allwaste) at the time of his injury.

On May 7, 1994, Lewis and other Allwaste employees were present at Bristol Energy's facility for the purpose of removing wood ash from a clogged ash hopper. Plaintiff alleges that it was his job "to dislodge ash from the ash pile in the first hopper so it could be removed by the vacuum tube or the mechanical system in the floor of the hopper." Complaint ¶ 23.

While Lewis was working, a large amount of ash allegedly fell from the hopper, ignited, and engulfed him in hot ash. Id. ¶¶ 24-25. Plaintiff alleges he was unable to escape from the burning ash because he was tethered to the scaffolding on which he was working by a safety harness. Id. ¶¶ 26-27. Plaintiff further alleges that "[i]nitial attempts to rescue [him] failed when he was caught in a ladder which had been erected by Defendant Bristol's agents in front of the exit door to the

2

precipitator room." Id. ¶ 29.

Plaintiff was subsequently cut out of the ladder in which he was caught and was evacuated from the Bristol Energy facility by ambulance and Airmed to Brigham and Women's Hospital in Boston, Massachusetts.

Plaintiff alleges that as a result of this incident at Bristol Energy he received third-degree burns over ninety-two percent of his body. Complaint ¶ 32.

## Discussion

### 1. Rule 12(c) Standard

Defendant seeks to dismiss Count IV of the complaint pursuant to Rule 12(b)(6) or Rule 12(c), Fed. R. Civ. P. Because the defendant has already filed an answer to the complaint, defendant's motion is properly considered as a motion for judgment on the pleadings pursuant to Rule 12(c). See Rules 7(a) and 12(c), Fed. R. Civ. P.

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as the standard for evaluating a Rule 12(b)(6) motion. Republic Steel Corp. v. Pennsylvania Eng'g Corp., 785 F.2d 174, 182 (7th Cir. 1986). For both motions, the court's inquiry is a limited one, focusing not on "whether a plaintiff will ultimately prevail but [on] whether

3

the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Further, in making its inquiry, the court must accept all of the factual averments contained in the complaint as true and draw every reasonable inference in favor of the plaintiff. Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991). The court may not enter judgment on the pleadings "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief.'" Id. (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (additional citations omitted).

2. Punitive Damages

Defendant moves for judgment on the pleadings as to plaintiff's claim for punitive damages on the ground that punitive damages are not available under New Hampshire law. See New Hampshire Revised Statutes Annotated (RSA) 507:16; Fay v. Parker, 53 N.H. 342 (1872); Vratsenes v. New Hampshire Auto, Inc., 112 N.H. 71, 73, 289 A.2d 66, 68 (1972). Plaintiff concedes that punitive damages are not available under New Hampshire law, but wishes to preserve the right to seek punitive damages in the event the court determines that Maine law applies to this action. See Plaintiff's Objection at 4-5.

4

To the extent that New Hampshire law applies to this action, defendant's motion for judgment on the pleadings is granted as to plaintiff's claim for punitive damages.[2]

3.  Enhanced Compensatory Damages

Although punitive damages are not available under New Hampshire law, "'when the act involved is wanton, malicious, or oppressive, the compensatory damages awarded may reflect the aggravating circumstances.'" Aubert v. Aubert, 129 N.H. 422, 431, 529 A.2d 909, 914 (1987) (quoting Vratsenes, supra, 112 N.H. at 73, 289 A.2d at 68). Such damages are referred to as "liberal" or "enhanced" compensatory damages, DeMeo v. Goodall, 640 F. Supp. 1115, 1118 (D.N.H. 1986), "and are available only in exceptional cases." Aubert, supra, 129 N.H. at 431, 529 A.2d at 914.

Count IV of plaintiff's amended complaint includes a claim for enhanced compensatory damages. In that count, plaintiff alleges that "[p]rior to and after Plaintiff Royden Lewis, Jr. arrived at Bristol's facility on May 7, 1994, the Defendant Bristol operated and maintained its facility with a wanton and reckless disregard for his safety." Amended Complaint

---

[2]Plaintiff's right to pursue such a claim if Maine law is subsequently found to apply to this action is herewith noted.

5

¶ 50. The conduct of defendant alleged to be wanton and reckless includes defendant's failure

> to provide a safe work place, warn Plaintiff Royden Lewis, Jr. of the dangerous condition existing in its facility, reasonably supervise the performance of work at its facility, train its personnel to safely manage and operate its facility, follow safety procedures it had established to prevent work place injury, follow safety procedures and meet safety standards established by national safety organizations, and governmental agencies, to prevent work place injury, anticipate serious accident and injury from operations at its energy facility and to provide for and conduct emergency rescue services, and to hire a qualified contractor to conduct its work.

Id. ¶ 33. Plaintiff maintains that defendant's "conscious disregard" for his safety, as exhibited by defendant's conduct, warrants an award of enhanced compensatory damages in this action. Id. ¶ 51.

Defendant asserts that an award of enhanced compensatory damages is not appropriate in this action because plaintiff has not alleged that defendant acted with actual ill will or malice toward him.

It is well established under New Hampshire law that enhanced compensatory damages may be awarded when defendant's conduct is found to be "wanton, malicious, or oppressive." Vratsenes, supra, 112 N.H. at 73, 289 A.2d at 68 (emphasis added); see also Aubert, supra, 129 N.H. at 431, 529 A.2d at 914; Crowley v.

6

Global Realty, Inc., 124 N.H. 814, 818-19, 474 A.2d 1056, 1058 (1984); Munson v. Raudonis, 118 N.H. 474, 478, 387 A.2d 1174, 1177 (1978).[3]

A "wanton act" is

> [o]ne done in malicious or reckless disregard of the rights of others, evincing a reckless indifference to consequences to the life, or limb, or health, or reputation or property rights of another, and is more than negligence, more than gross negligence, and is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action, equivalent in its results to wilful misconduct.

BLACK'S LAW DICTIONARY 1582 (6th ed. 1990) (citation omitted) (emphasis added). Further, "malice," in the context of libel law and the availability of enhanced compensatory damages, has been defined by the New Hampshire Supreme Court to include "not only ill will, evil motive or intention to injure but also a wanton disregard of the rights of others and the consequences likely to follow." Chagnon v. Union-Leader Corp., 103 N.H. 426, 438, 174 A.2d 825, 833 (1961), cert. denied, 369 U.S. 830 (1962). Cf. Munson, supra, 118 N.H. at 478, 387 A.2d at 1177 (an award of enhanced compensatory damages based on the defendant's malicious

---

[3]Defendant cites Aubert, supra, 129 N.H. at 430, 529 A.2d at 914, for the proposition that plaintiff must allege, and ultimately prove, that its conduct was "oppressive, wanton and malicious." Finding that every other relevant case, including those cited in Aubert, employs the phrase "wanton, malicious, or oppressive," the court declines to follow defendant's contention that plaintiff must prove that its conduct was wanton, malicious, and oppressive.

conduct requires proof of "ill will, hatred, hostility, or evil motive on the part of the defendant").

Reading the complaint in the light most favorable to plaintiff, and drawing all reasonable inferences in his favor, the court finds that the allegations contained in the complaint are sufficient to state a claim for enhanced compensatory damages based on the defendant's allegedly wanton acts. Defendant's motion for judgment on the pleadings is therefore denied as to said claim.

## Conclusion

For the reasons set forth herein, defendant's motion for judgment on the pleadings (document 9) is granted in part and denied in part. Plaintiffs' assented-to motion to amend the complaint (document 13) is granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

March 14, 1995
cc:  Ronald L. Snow, Esq.
     Edward F. Bradley, Jr., Esq.
     Dennis T. Ducharme, Esq.
     Richard A. Mitchell, Esq.
     James C. Wheat, Esq.
     Richard C. Nelson, Esq.