Bennett v. GE                                   CV-96-461-SD 08/27/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Terry Bennett

    v.                                    Civil No. 96-461-SD

General Electric Company


**O R D E R**


In this diversity action, plaintiff claims that his home was destroyed by a fire caused by a defective clothes dryer manufactured by defendant General Electric Company (GE).  The complaint was originally filed in state court and then was removed to this court. Plaintiff asserts causes of action under state law for strict liability, breach of warranty, and negligence.  He seeks both compensatory and enhanced compensatory damages.

Before the court is defendant's motion to dismiss plaintiff's claim for enhanced compensatory damages, to which plaintiff objects.


Background

On August 2, 1993, plaintiff's house and virtually all of its contents, including many valuable items, were destroyed by a fire.  Two days later, plaintiff's insurance companies arranged

for plaintiff's clothes dryer to be inspected by fire investigators and appliance experts. The experts inspected the dryer and determined that the cause of the fire was a defective fail-safe cutoff switch, a device that was supposed to shut off the dryer if the inside temperature became overly high.

Discussion

## 1. Rule 12(b)(6) Standard

When determining a Rule 12(b)(6) motion, the court's inquiry is a limited one, focusing not on "whether a plaintiff will ultimately prevail but [on] whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Further, in making its inquiry, the court must accept all of the factual averments contained in the complaint as true and draw every reasonable inference in favor of the plaintiff. Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991). The court may not enter judgment on the pleadings "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief.'" Id. (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (additional citations omitted).

## 2.  Enhanced Compensatory Damages

Punitive damages awards are not available under New Hampshire law.  See New Hampshire Revised Statutes Annotated (RSA) 507:16; Vratsenes v. New Hampshire Auto, Inc., 112 N.H. 71, 73, 289 A.2d 66, 68 (1972).  However, "'when the act involved is wanton, malicious, or oppressive, the compensatory damages awarded may reflect the aggravating circumstances.'"  Aubert v. Aubert, 129 N.H. 422, 431, 529 A.2d 909, 914 (1987) (quoting Vratsenes, supra, 112 N.H. at 73, 289 A.2d at 68).  Such damages are referred to as "liberal" or "enhanced" compensatory damages, DeMeo v. Goodall, 640 F. Supp. 1115, 1118 (D.N.H. 1986), "and are available only in exceptional cases."  Aubert, supra, 129 N.H. at 431, 529 A.2d at 914.

Defendant asserts that the remedy of enhanced compensatory damages requires proof of actual ill will, malice, or evil motive.  This court has previously addressed this issue and has determined that wanton conduct involving a reckless disregard for the safety of others can suffice to support the remedy of enhanced compensatory damages.  See Lewis v. Bristol Energy Corp., No. 94-461-SD, slip op. at 5-8 (D.N.H. Mar. 14, 1997); cf. Minion, Inc. v. Burdin, 929 F. Supp. 521, 523-26 (D.N.H. 1996) (providing detailed discussion of availability of enhanced compensatory damages for torts involving wanton conduct).  For

3

the reasons expressed in these two cases, the court rejects defendant's argument.

Defendant next maintains that plaintiff's claim for enhanced compensatory damages must fail because the case does not involve an intentional tort. However, enhanced compensatory damages are available in negligence cases so long as the plaintiff has alleged wanton, malicious, or oppressive conduct on the part of the defendant. See Minion, supra, 929 F. Supp. at 525.

The complaint alleges that defective GE dryers have caused numerous house fires in the past and that GE failed to warn consumers about the danger. Giving the plaintiff the benefit of every doubt, the court declines to dismiss the claim for enhanced compensatory damages at this early stage of the litigation.

Accordingly, defendant's motion to dismiss the claim for enhanced compensatory damages is denied.

## Conclusion

For the reasons stated above, the court denies defendant's

motion to dismiss the claim for enhanced compensatory damages (document 4).

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

August 27, 1997

cc:     Charles G. Douglas III, Esq.
        Michael M. Lonergan, Esq.