WHIDDEN, *Adm'r,* v. WHIDDEN, *Adm'x, & a.*

A delay to commence proceedings to collect a note for more than nine years, without explanation of the delay, is altogether too long, and a court of equity will refuse to interfere.

BILL IN EQUITY, alleging in substance that Samuel Whidden died intestate in 1875, and that the plaintiff, Samuel S. Whidden, was appointed administrator *de bonis non* of his estate March 25, 1890; that the widow of Samuel was appointed administratrix of his estate March 16, 1875, and died December 12, 1875; that there was no administrator of Samuel's estate between the death of the widow and the appointment of the plaintiff; that Mary Parsons died testate in February, 1885, and that the defendant Elizabeth A. Whidden was appointed administratrix with the will annexed of her estate, May 10, 1892; that Mary Parsons was indebted to Samuel, at the time of his death, upon a promissory note, for $366.33, dated January 4, 1873, payable with interest annually; that this note came into the plaintiff's hands upon his appointment as administrator of Samuel; that he immediately petitioned for the appointment of an administrator of Mary Parsons's estate, but was prevented from securing the appointment of one prior to May 10, 1892, by the defendants Anna P. and Florence P. Whidden; that he presented his note to Mary Parsons's administratrix, May 16, 1892, and demanded its payment; that she refused to pay it, alleging that Mary Parsons left no estate that could be found, and that none had come to the hands or possession of the administratrix, and that although Mary in her lifetime had certain real estate, and, after making the above named note, had fraudulently conveyed the same to one Langdon Whidden without consideration, as the administratrix of her estate was informed and believed, yet the administratrix could not attack the conveyance and have it set aside, nor in any other way make it applicable to the payment of the note, because she had no money or means in her possession belonging to Mary Parsons's estate to institute or carry on the necessary legal proceedings; that the administratrix declined to institute and carry on such proceedings; that Mary Parsons owed no debts aside from the note; that at the date of the note, and subsequently until February 24, 1875, she owned real estate in Portsmouth (particularly described in the bill) of the value of more than five thousand dollars; that on the date last named, for the expressed consideration of one dollar but without any consideration in fact, she made and executed a warranty deed of this real estate to Langdon Whidden, but did not deliver the same, and it was not recorded until about September 1, 1884, when she was sick and about to die; that upon her death Langdon Whidden took possession of the real estate, and held it until his death in January, 1890; that

Langdon Whidden died solvent and intestate, leaving a widow, Anna P. Whidden, and one heir-at-law, a child, Florence P. Whidden; that Anna P. and Florence P. have occupied and claimed to own the real estate by virtue of the deed since the death of Langdon, and now hold the same; that Mary Parsons left no personal estate that can now be found; that the deed aforesaid was fraudulent and void as to the grantor's creditors, and that the real estate attempted to be conveyed thereby is now applicable to and chargeable with the payment of the note; and that so long as the deed is allowed to stand it will prevent the payment of the note from the real estate. The plaintiff prays that it may be decreed that the real estate is applicable to and chargeable with the payment of the note; that the deed be declared null and void as to Langdon Whidden, his widow, and heir-at-law, and the real estate therein described be disencumbered therefrom; that Anna P. and Florence P. Whidden be ordered to deliver up the deed to be cancelled, or to execute to the administratrix of Mary Parsons's estate a release and conveyance of all their claim and right under it, or to a sufficient part of said real estate to pay the note and the expenses of administration; that the administratrix be ordered forthwith to obtain a license to sell sufficient of the real estate to pay the note and expenses of administration; and for such further relief as may be just. Anna P. and Florence P. Whidden demurred to the bill.

*Calvin Page*, for the plaintiff.

*Frink & Batchelder*, for Anna P. Whidden and Florence P. Whidden, defendants.

CLARK, J. The claim sought to be enforced against the estate of Mary Parsons is a note for $366.33, dated January 4, 1873. No payment, indorsement, or new promise is alleged, and it appears to have been barred by the statute of limitations in January, 1879, more than six years before the death of Mary Parsons, which occurred in February, 1885. For more than nine years after the original grant of administration on the estate of Samuel Whidden, Mary Parsons was the owner of the real estate described in the bill, and no effort was made to secure the payment of the note, and no explanation is given for the delay. The neglect was unreasonable, and it is a bar to any claim for equitable relief. *Hatch* v. *Kelly*, 63 N. H. 29; *Hathaway* v. *Noble*, 55 N. H. 508; *Sugar River Bank* v. *Fairbanks*, 49 N. H. 131.

*Demurrer sustained.*

CHASE, J., did not sit: the others concurred.