Hillsborough, }
 Oct. 1, 1912. }

### DEWEY v. NOYES, Ex'x.

Where the nature and amount of a claim against the estate of a deceased person
 have been fully explained to the executor, who flatly refuses to pay, the credi-
 tor may maintain an action thereon without the formal exhibition and demand
 required by section 1, chapter 191, Public Statutes.

ASSUMPSIT, to recover for board and nursing furnished to the
defendant's testator. Transferred from the January term, 1912,
of the superior court by *Chamberlin*, J., on the plaintiff's exception
to an order of nonsuit.

*Thorp & Abbott* (*Mr. Thorp* orally), for the plaintiff.

*Jesse B. Pattee* and *Burnham, Brown, Jones & Warren* (*Robert
L. Manning* orally), for the defendant.

BINGHAM, J. This action is brought by the plaintiff to recover
a sum claimed to be due her for boarding and nursing the defend-
ant's testator. The questions presented arise on the plaintiff's
exception to an order of the superior court directing a nonsuit,
upon the ground that the evidence submitted by the plaintiff
would not warrant a finding that payment of the claim had been
demanded of the defendant before the suit was brought.

By section 1, chapter 191, Public Statutes, it is provided that
"no action shall be sustained against an administrator  .  .  .
unless the demand has been exhibited to the administrator and
payment has been demanded." Under this statute, it has been
held that "a claim against the estate of a person deceased may be
presented in any form which brings the nature and amount of it
distinctly to the notice of the administrator"; that a written state-
ment is not essential so long as the nature and amount of the claim
are made known to him. *Ayer* v. *Chadwick*, 66 N. H. 385. And
although the statute contemplates that before suit is brought
the creditor or his authorized agent shall in person demand pay-
ment of the administrator, so that he may at once discharge the
claim (*Cummings* v. *Farnham*, 75 N. H. 135; *Ross* v. *Knox*, 71
N. H. 249), still it is held that the demand may be waived by the
administrator's denial of all liability when the claim is presented,

or by his absolute refusal to pay it at that or any other time. This. is for the reason that no other reasonable deduction can be made from the conduct of the parties. *Jaffrey* v. *Smith, ante,* 168, 172,. 174.

In this case there was evidence that shortly after the defendant's. appointment as executrix she called at the office of the attorney for the plaintiff, who had charge of the claim in suit, and inquired what it was about; that the attorney explained fully to her the nature and amount of the claim, and received the reply that she would not pay the plaintiff for any claim or matter whatsoever and that it would do no good to put a statement of it in writing for her. In view of this evidence, it is unnecessary to consider the other evidence in the case, as this was of itself sufficient to. entitle the plaintiff to go to the jury upon the issue in question.

*Exception sustained.*

All concurred.