Grafton,
May 5, 1914.

FLORENTINE A. JONES, *Ap't,* v. HENRY W. HERBERT, *Adm'r.*

A creditor who desires the appointment of an administrator for the purpose of enforcing his claim against the debtor's estate must act within a reasonable time after he learns of the latter's decease.

Where a creditor and heir-at-law of a person deceased enters into a valid agreement to forbear suit, in consideration of a promised bequest by the party in possession of the estate, he cannot thereafter procure the appointment of an administrator and maintain an action against him for the enforcement of the claims.

Where an heir-at-law seeks to recover his share of an estate by impressing a trust upon the property of one who wrongfully took possession, the ancestor's administrator is not a necessary party to the proceeding.

PROBATE APPEAL, from a decree denying the plaintiff's petition for the appointment of an administrator of the estate of Solomon Jones.   Trial by the court and decree for the defendant.   Transferred from the May term, 1913, of the superior court by *Pike,* J.

Solomon Jones died in March, 1864, leaving a widow, Lavina, and three children, Greenleaf, Florentine, and Sarah.   By his will, which was duly proved, he gave one dollar to each of the children and a life estate in the residue to Lavina, with remainder to Greenleaf in fee.   Lavina was named as executrix, but never qualified. She died in November, 1864.   By her will, which was duly proved, Florentine and Sarah were each given one dollar and the residue was left to Greenleaf, who was named as executor, but never qualified.

Upon the decease of Solomon, Greenleaf assumed to act as his administrator, took possession of the estate, and paid the debts and legacies.   After his mother's death he pursued the same course with

respect to her property. No bond or inventory was filed in either estate. He died in May, 1908, leaving a will which gave his entire estate to his widow, Anna, who died in May, 1909, intestate. The defendant is administrator *de bonis non* of Greenleaf's estate.

The estates of Greenleaf and Anna are in process of settlement in the insolvent course. Florentine's claims against those estates have been disallowed by the commissioners and appeals are now pending. The claims against Greenleaf's estate are: (1) For the principal and interest of money deposited by Florentine with Solomon, which came to the possession of Greenleaf; (2) for the proceeds of certain railroad stock which Florentine entrusted to Solomon and which Greenleaf subsequently sold; (3) one half of Solomon's estate with accretions, or, in lieu thereof, damages for breach of a contract made in 1876, whereby Greenleaf and Anna promised to leave all their property by will to Florentine, in consideration of his agreement not to enforce his claims against his father's estate. The claim against Anna's estate is for damages for breach of the same contract.

In the superior court, the grounds urged for the appointment of an administrator were that Florentine had a right of action against Solomon at the time of the latter's death, which survived and still exists, and that such administrator should be made party to the pending proceedings against the estates of Greenleaf and Anna. The court found that the plaintiff's delay in asking for the appointment of an administrator constituted laches and that such appointment was not necessary in aid of the pending proceedings, and dismissed the appeal. To these findings and the decree thereon the plaintiff excepted.

*Remick & Jackson (Mr. Remick orally)*, for the plaintiff.

*Burleigh & Adams* and *Martin & Howe (Mr. Howe orally)*, for the defendants.

YOUNG, J. If a creditor wishes to exercise the right given him by sections 2 and 5, chapter 188, Public Statutes, he must act within a reasonable time after he learns of the death of the debtor. *Whidden* v. *Whidden*, 67 N. H. 303. The plaintiff attempts to excuse his delay of forty-seven years before beginning this proceeding by saying that he made a contract with Greenleaf shortly after their father's death, by which his brother, in consideration of his agree-

ment not to enforce his claims against their father's estate, agreed to give the plaintiff all his property at his death.

If the plaintiff made this contract he is bound by it, and in so far as he is concerned Solomon's estate is fully administered. *George v. Johnson*, 45 N. H. 456. If the plaintiff failed to enforce his claim against Solomon's estate because he thought he had made this contract, though in fact he had not made it, a different situation is presented; but in that case it does not necessarily follow that he should be permitted to proceed against Solomon's estate. That depends in part on the reasonableness of his conduct in thinking he had made such a contract, in part on his conduct since that time, and in part on the reasonableness of Greenleaf's conduct. It is useless, however, to consider this question further, for the finding of the court is that he has been guilty of laches.

The necessary parties to any proceeding, regardless of its nature (that is, whether it is *in rem*, at law, or in equity), are those and those only who have an interest in the subject-matter of the suit and whose rights may be concluded by the judgment. *Busby* v. *Littlefield*, 31 N. H. 193. Therefore, the test to determine who should be made parties to this proceeding, in which the plaintiff is seeking to impress a trust on the property Greenleaf received from his father, is to inquire who have an interest in or to that property. The answer to this question must be, those and those only who claim through Greenleaf; for he took the property into his possession in 1864, paid his father's debts and legacies, and has since held the property as his own. As no one claiming through Solomon appears to have any interest in or to the property, no ground is perceived upon which it will be held that his administrator is a necessary party to the trust suit. There is no occasion for the appointment of an administrator until in some proceeding it is judicially determined that such administrator must be a party.

*Exception overruled.*

All concurred.