Hillsborough, 
Jan. 3, 1928.

MARYLAND CASUALTY COMPANY *v.*
GEORGE LAMARRE & *a.*

*Timothy F. O'Connor* and *Myer Saidel* (*Mr. Saidel* orally), for the plaintiff.

, *Banigan & Banigan* (*Mr. Edward W. Banigan* orally), for the defendant.

SNOW, J. No question as to the correctness of the pleadings is raised. There was no evidence of collusion to bring about the accident or to produce the injuries. The contrary is found. The issue presented at the hearing was solely upon the insured's alleged fraudulent conduct as respects the litigation.

By the terms of the policy the company undertook the investigation of accidents covered thereby, and the defence of suits thereon. The policy contained no express provisions requiring the aid and

assistance of the assured therein, or restricting his conduct in respect thereto. His active and passive obligations were such only as were to be implied from the relation created by the contract. The insured was under no implied obligation to resent or discourage the bringing of a suit for a just cause against him by his injured wife, or to withhold from her, or her attorneys, any information bearing on the issues raised by such an action. If he was drunk or negligent he had the right to tell them so, and a duty to so testify when inquiry was made at the trial. He was under no implied agreement to refrain from arranging for the attendance at the trial of witnesses who possessed knowledge of material facts, nor when called as a witness, himself, from testifying to his wife's sufferings.

The plaintiff's bill, however, is founded, not upon any supposed breach of contract, but upon the alleged fraudulent conduct of the insured in producing a verdict by collusion with his injured wife. The contractual relations of the parties are, therefore, important only as they afford aid in the interpretation of such conduct. The issue at the hearing was whether or not, in what he did in the preparation and trial of the action at law, the insured acted honestly and in good faith in the promotion of justice. This presented a question of fact upon which the finding of the court was conclusive if there was evidence to support it.

That the wife suffered a serious injury seems to have been conceded. That it was due to the act of the insured was undisputed. There was evidence besides his testimony that he had been drinking intoxicating liquor, and the circumstances of the accident tended strongly to show that his mismanagement of the car was due thereto. The testimony of other witnesses tended to support the conclusion that his wife's injury was caused by his negligence. That he honestly so believed is a fair inference from all the evidence.

The insured's confessed desire that his wife would receive a verdict is relied upon as proof of fraud. The insured was called as a witness by the plaintiff. In response to several leading questions on cross-examination by the counsel for the company as to whether he would be glad if his wife were to receive a verdict he reluctantly replied in the affirmative, stating that she deserved it. This expressed wish for his wife's success, and declared confidence in the merits of her case, did not constitute conclusive proof of fraud, but like other conduct tending to favor his wife's suit were merely evidentiary facts bearing on his honesty.

The plaintiff's position is necessarily based upon a claim either

that the court has found as a fact that the insured's conduct was fraudulent, or that the facts reported conclusively disclose his fraud. The claim can be sustained in neither respect. The contention that the court has found collusion as a fact is based upon a misinterpretation of the language employed and requires little attention. The use of the word "collusion," evidently borrowed from the plaintiff's allegations, was perhaps unfortunate and misleading. That it was not intended, however, to include a finding of fraud, which the word in its more common use connotes, is made evident by the court's express qualification, namely, "in the sense, and to the extent that, the defendant [the insured] made it as easy as possible for his wife, to recover a verdict against him, assisted in arranging for the attendance of witnesses, and said that he would be glad if she got a verdict, knowing that in that event he could not pay, and believing that the insurance company would pay." The apparent purpose of the court was to enable the plaintiff to raise the question of law whether the enumerated facts constituted fraud in law. The statement in question, therefore, amounted to no more than a recital of facts, the force of which has already been considered. That a finding of fraudulent conduct was not intended is further supported by the court's conclusion that the prayer of the plaintiff's petition should be denied.

No error appears in the court's ruling. As there is neither a finding of fraud, nor conclusive evidence thereof, the order dismissing the plaintiff's bill must be sustained.

*Exceptions overruled.*

All concurred.