Hillsborough, } No. 3553.
Nov. 6, 1945. }

THERESA F. SULLIVAN *v.* NETTIE A. MARSHALL, *Ex'x.*

*John D. Warren* and *Albert Terrien* (*Mr. Terrien* orally), for the plaintiff.

*Ivory C. Eaton* (by brief and orally), for the defendant.

MARBLE, C. J.   The defendant's answer contains a denial of the allegations of the plaintiff's bill together with a brief statement to the

effect that no demand was made upon her as required by section 1 of chapter 302 of the Public Laws (R. L., c. 355, s. 1), and that suit was not brought "within two years next after the original grant of administration" (P. L., c. 302, s. 5; R. L., c. 355, s. 5). This answer is a sufficient plea in bar to the plaintiff's claim. *Amoskeag Mfg. Co.* v. *Barnes*, 48 N. H. 25, 29.

The plaintiff contends, however, that the sections above cited do not apply to the maintenance of an action involving a trust relationship such as that here alleged to exist.

It is true that there are cases which hold that where one seeks to recover from the representative of an estate specific property alleged to have been held in trust by the decedent, he is not seeking payment of a claim from the assets of the estate and is not obliged to present his claim under a statute requiring claims to be presented to the executor or administrator before suit. See *In re Dutard*, 147 Cal. 253; 34 C. J. S. 677; Anno. 34 A. L. R. 389. But these cases are not concerned with the interpretation of statutes identical with our own and are not in accord with the trend of our decisions.

The purpose of our statutory provisions relating to demand and to limitation of actions is to secure the orderly and expeditious settlement of estates. *Preston* v. *Cutter*, 64 N. H. 461, 465; *Sawyer* v. *Jefts*, 70 N. H. 393, 394. Section 5, which provides that no suit shall be maintained against an administrator or executor (see R. L., c. 352, s. 1) for any cause of action against the deceased, unless it is begun within two years next after the original grant of administration, has been held to apply not only to actions at law but to suits in equity. *Sugar River Bank* v. *Fairbanks*, 49 N. H. 131, 139, 140. On the other hand, statutory recognition is given to the fact that section 5 may work hardship in individual instances, and a claimant's rights are substantially augmented by section 28 of chapter 355 of the Revised Laws (P. L., c. 302, s. 28), which grants to the claimant an extension of time in which to bring suit if justice and equity require it, provided the claimant "is not chargeable with culpable neglect in not bringing his suit within the time limited by law."

The present suit is brought for restitution of property alleged to have been held by the testator as a constructive trustee. "A cause of action for restitution may be barred by lapse of time because of the provisions of a statute of limitations." Restatement, Restitution, s. 148 (2). And where property is transferred to a person under such circumstances that he is under a duty to make restitution, and the right to restitution becomes thus barred, "the transferee no longer

holds the property upon a constructive trust." *Id., s.* 179, *comment a.* See also, *American University* v. *Forbes,* 88 N. H. 17, 20.

It is our conclusion that the failure of the plaintiff to bring suit within the time limited by section 5 barred her present action unless justice and equity required an extension of time as provided by section 28, and that the finding of the trial Court on the issue of the plaintiff's culpable neglect is conclusive of the plaintiff's right to the benefit of that section. See *Emerson's Sons* v. *Cloutman,* 88 N. H. 59, 62.

*Exceptions overruled.*

All concurred.