Cheshire,
No. 4471.

RECONSTRUCTION FINANCE CORPORATION

*v.*

WINTHROP FAULKNER, *Ex'r.*

Argued April 3, 1956.
Decided April 27, 1956.

*Howard B. Lane* (by brief and orally), for the plaintiff.

*Faulkner, Plaut & Hanna* (*Mr. Hanna* orally), for the defendant.

LAMPRON, J.  Under RSA 556:1, 3, no action shall be sustained against an executor unless the demand has been exhibited to him within one year after the original grant of administration.  Laws of this nature are commonly called nonclaim statutes.  See anno. 34 A. L. R. (2d) 1004.  Their purpose is to secure the orderly and expeditious settlement of estates.  *Sullivan* v. *Marshall*, 93 N. H. 456, 458.

There is also a deep rooted principle of law that time does not run against the federal or a state government.  *State* v. *Stafford Company*, 99 N. H. 92, 97; *Davis* v. *Corona Coal Co.*, 265 U. S. 219; *Guaranty Trust Co.* v. *United States*, 304 U. S. 126; *Keifer & Keifer* v. *Reconstruction Finance Corp.*, 306 U. S. 381.  As far at least as the federal government is concerned this same immunity has been held to apply to nonclaim statutes.  *United States* v. *Summerlin*, 310 U. S. 414; *Donnally* v. *Welfare Board*, 200 Md. 534; see anno. 34 A. L. R. (2d) 1003, 1005.

The RFC being an agency of the federal government (*Reconstruction Finance Corp.* v. *Marcum*, 100 F. Supp. 953) enjoys this same privilege unless Congress in creating it has manifested a contrary intention.  *Lewis* v. *Moore*, 199 F. (2d) 745.  Although its charter contains certain waivers of federal immunity, such as that of freedom from suit, we find no expressed or implied intention to waive immunity from the application of nonclaim statutes to it. *Reconstruction Finance Corp.* v. *McCarthy Bros.*, 117 F. Supp. 345.

It has been argued by the defendant that some of the language of Mr. Chief Justice *Hughes* in *United States* v. *Summerlin, supra*, indicates that this immunity should not apply to a claim against the real estate of Margaret J. Faulkner.  Even if it were assumed for the sake of argument that the privilege should not apply when the real estate has been sold by the devisees or by the heirs to a third party (*Hatch* v. *Kelly*, 63 N. H. 29) or when the period for bringing suit against an estate has expired (RSA 556:5) or the estate has been closed (3 American Law of Property 650) that is not the situation here.  The executor was appointed June 19, 1953, and

the RFC made a demand on the executor September 13, 1954, and filed this petition on October 11, 1954, and as far as the record shows there has been no conveyance to others nor has the estate been closed. See *Hall* v. *Woodman*, 49 N. H. 295, 305.

We conclude therefore that the RFC as an agency of the federal government enjoys in this case immunity from the operation of RSA 556:1, 3.

*Exception sustained.*

All concurred.