Hillsborough,
No. 4515.

MARTHA FROST *v.* WALTER C. FROST, *Ex'r.*

Argued September 4, 1956.
Decided October 2, 1956.

*Nelson & Lynch (Mr. Lynch* orally), for the plaintiff.

*Leonard G. Velishka* and *Aaron A. Harkaway (Mr. Harkaway* orally), for the defendant.

KENISON, C. J. RSA 556:1, 3, provide that no action shall be sustained against an administrator unless a demand was exhibited

to him within one year after the original grant of administration and payment has been demanded. One method of complying with these requirements is prescribed by RSA 556:2 which reads as follows: "NOTICE OF CLAIM. A notice sent to the administrator or his agent by registered mail, setting forth the nature and amount of the claim and a demand for payment, shall be deemed a sufficient exhibition and demand." This method is not exclusive since it has been settled law for a long period of time in this state that the claim may be oral, written, or a combination of both. *Ayer* v. *Chadwick*, 66 N. H. 385; *Watson* v. *Carvelle*, 82 N. H. 453; *Hurd* v. *Varney*, 83 N. H. 467. RSA 554:24 gives the administrator authority to require that any claim against an estate shall be submitted in writing under oath. In the present case it is undisputed that no claim in writing was filed and none demanded by the executor.

The purpose of RSA 556:1, 2, 3, is to provide a definite short period of one year in which claims against the estate may be presented as a means "to secure the orderly and expeditious settlement of estates." *Sullivan* v. *Marshall*, 93 N. H. 456, 458; *Hall* v. *Brusseau*, 100 N. H. 87, 89; *Reconstruction &c. Corp.* v. *Faulkner*, 100 N. H. 192, 193. It is recognized, however, that the conduct of the executor or administrator may be such that failure to comply with these statutory provisions may be waived or result in an estoppel to assert the insufficiency of the demand. In *Jaffrey* v. *Smith*, 76 N. H. 168, 173, it was pointed out that a fiduciary "may . . . so conduct himself during the time allowed for the exhibition of the claim that he will thereafter be estopped to deny the sufficiency of the exhibition." In *Dewey* v. *Noyes*, 76 N. H. 493, the formal exhibition and demand of the claim was waived because the administrator absolutely refused to pay the claim after it was explained to him. An executor has a right to be informed of the creditor's claim (*Emerson's Sons* v. *Cloutman*, 88 N. H. 59, 62) but he may lose this right by denying liability in advance of the presentation of the creditor's claim. In *Watson* v. *Carvelle*, 82 N. H. 453, 457, the failure to exhibit the claim was not excused because there "was neither denial nor recognition of liability and neither promise nor refusal to settle."

In the present case the Court could and did find that there was a denial of liability and a refusal to settle which would constitute a waiver of the insufficiency of the statement of the amount and nature of the plaintiff's claim.

If this were a case of first impression more weight could be given to the argument that the doctrine of waiver and estoppel as applied to the presentation of claims militates against the expeditious settlement of estates and may penalize the beneficiaries of the estate for the conduct of the executor or administrator. However, the ruling of the Trial Court in this case followed the long established law as administered in this jurisdiction and we see no reason to disturb it unless and until the statute is amended.

The plaintiff's action for the value of certain personal property which was allegedly hers has not been argued by either counsel. This action is not controlled by RSA 556:1-3 since it involves no claim by the plaintiff as a legatee, heir or creditor. *Rice* v. *Connelly*, 71 N. H. 382. Such a claim is against the defendant but not against the estate. Anno. 42 A. L. R. (2d) 418.

The Trial Court's denial of the motion was justified on the evidence and involves no error of law.

*Exception overruled.*

All concurred.