Hillsborough,
No. 5094.

L. ALINE HEATH, *Ex'x v.* REGINALD A. CLEVELAND, *Adm'r.*

Argued February 5, 1963.

Decided March 29, 1963.

*McLane, Carleton, Graf, Greene & Brown* and *G. Peter Guenther* (*Mr. Guenther* orally), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Dort S. Bigg, Jr.* (*Mr. Bigg* orally), for the defendant.

DUNCAN, J. According to the allegations of the petition, on November 2, 1958 the plaintiff's testatrix Lottie E. Spalding, was

a passenger in an automobile operated by Perley A. Spalding which was involved in a collision at Deering, in consequence of which Lottie suffered serious personal injuries. Perley died on December 28, 1958. Original administration of his estate was granted to the defendant on December 20, 1960.

Under date of December 24, 1960, Lottie made demand for damages for her personal injuries upon the defendant as administrator of the Perley A. Spalding estate, and on December 27, 1960 she filed a petition under RSA 556:28 praying for judgment on her claim. On May 1, 1961, Lottie deceased, and the plaintiff as executrix thereafter appeared to prosecute her petition. On October 25, 1961 a motion to dismiss the petition was granted.

Thereafter, on December 4, 1961 the plaintiff filed the petition now before this court, together with a "special plea" seeking to vacate the order of dismissal of the 1960 petition, and to substitute therefor a marking of "Dismissed without prejudice." Following a hearing on January 2, 1962, the relief sought by the "special plea" was denied under date of January 2, 1962. On January 24, 1962 however, this denial was vacated and the 1960 petition was marked "dismissed without prejudice." On the same day the 1961 petition for leave to prosecute the tort action for personal injuries was granted. However on motion of the defendant the matter was reheard on February 7, 1962, and on the same day the Court reconsidered and vacated its ruling of January 24, 1962, and dismissed the 1961 petition which had previously been granted.

No findings and ruling were seasonably requested at the hearing of February 7, 1962. Plaintiff's counsel having since deceased, new counsel retained by her filed the motion now before us, seeking remand, and rehearing in the Superior Court, so that the record may be amended to indicate the ground for the orders entered on February 7, 1962.

The plaintiff's motion, by which she seeks to determine the basis for the latest order dismissing her petition, is founded upon the assumption that the order of dismissal may not have been entered by the Trial Court as a matter of law, but may have been entered in the exercise of discretion conferred by RSA 556:28 to determine whether her decedent was "chargeable with culpable neglect in not bringing [her] suit within the time limited by law."

The limit imposed by law is found in RSA 556:11, which provides that if an action of tort for physical injuries to the person under RSA 556:9 is not pending at the decease of one of the parties,

"one may be brought . . . at any time within two years after the death of the deceased party, and not afterwards." RSA 556:11. Thus in order for the plaintiff's cause of action to survive against the defendant, it was necessary that an action be commenced within two years after the date of death of Perley A. Spalding, or before December 28, 1960. The original petition filed on December 4, 1960, was brought within this time limit. However no action brought on that date, or on any date between the date of original grant of administration (December 20, 1960) and December 28, 1960 could be sustained against objection by the defendant administrator because it would necessarily be "begun within six months after the original grant of administration." RSA 556:1 (supp), (eff. Jan. 1, 1960); *Hall* v. *Brusseau*, 100 N. H. 87.

It has long been established law in this jurisdiction that an action for physical injuries to the person is forever barred unless brought within two years of the date of death of a party whose death the statute permits it to survive. *Poff* v. *Telephone Co.*, 72 N. H. 164; *Desmarais* v. *Company*, 79 N. H. 195; *Kostoras* v. *Hines*, 80 N. H. 500. See *Costoras* v. *Noel*, 101 N. H. 71. Hence unless the provisions of RSA 556:28 may be considered to qualify the provisions of RSA 556:9-11 which thus limit the cause of action, the plaintiff no longer "has a claim" which the Superior Court may permit her to prosecute under RSA 556:28.

The provisions of RSA 556:28 had their origin in 1872 (Laws 1872, c. 7, s. 2) when no provision was made for the survival of actions of tort for personal injury. See Laws 1850, c. 953, s. 7; *Piper* v. *Railroad*, 75 N. H. 435, 443. The Legislature of 1872 which first enacted these provisions could not have intended them to apply to claims for personal injury. See *Parsons* v. *Parsons*, 67 N. H. 419. The act of 1887 (Laws 1887, c. 71), revised by the Public Statutes of 1901, from which RSA 556:9-12 derive, contained no provision which would indicate that the conditions imposed upon survival of an action of tort for personal injury were intended to be qualified by the provision which is now contained in RSA 556:28. See P. S., c. 191, s. 27. On the contrary the decided cases established that if the statutory condition, that suit be brought within two years after death, "is not observed, the parties stand . . . as though the statute had not been enacted." *Poff* v. *Telephone Co.*, 72 N. H. 164, 165. The right is one "which if not exercised ceases to exist by its own limitation." *Id.*, 166.

It seems apparent to us that from and after December 28, 1960 the plaintiff had no claim against the estate of Perley A. Spalding, because no maintainable action was brought by her prior thereto and no action survived thereafter. The petition filed December 24, 1960, was not maintainable because of the provisions of RSA 556:1 (supp). Only by promptly seeking the early appointment of an administrator following Perley Spalding's death, could the plaintiff have preserved her cause of action. RSA 553:2-3; *Robinson* v. *Carroll*, 87 N. H. 114; See *Jones* v. *Herbert*, 77 N. H. 282. In our judgment it is now extinguished. *Cf. Vanni* v. *Cloutier*, 100 N. H. 272.

Since in the view here taken, the Trial Court could not have dismissed the plaintiff's petition under RSA 556:28, because that section could not be invoked, we see no occasion to remand the pending action. The order of the Trial Court must be deemed to have been entered as a matter of law. The nature of our conclusions are such that the merits of the transferred case are necessarily determined thereby. Accordingly the order is

*Motion denied; exception overruled.*

All concurred.