Strafford,
No. 5191.

CLIFFORD R. DODGE

*v.*

JOHN M. CLAIR.

Argued February 4, 1964.
Decided March 3, 1964.

*Fisher, Parsons, Moran & Temple* (*Mr. Robert H. Temple* orally), for the plaintiff.

*Burns, Bryant & Hinchey* and *Joseph P. Nadeau* (*Mr. Nadeau* orally), for the defendant.

BLANDIN, J. The plaintiff bases his appeal mainly on the proposition that, as a matter of law, there was no evidence to warrant submitting to the jury the question of whether his drinking intoxicating liquor was causal of the accident. He claims that the only testimony introduced which could have shown that alcohol was a contributing cause of his injuries was given by the defendant's expert. Cross-examination of the defendant's expert disclosed that "anything over .15%, a man is prima facie under the influence." However this evidence to the effect that the plaintiff's blood test of .19 alcoholic content, indicated the consumption of over three quarts of beer was limited to the question of his credibility and could not be considered by the jury as bearing on his contributory negligence.

The difficulty with the plaintiff's position is that he fails to consider the fact that there was other testimony on this subject for the jury to weigh. It is not disputed that the plaintiff's blood test showed .19 of alcoholic content. By his own admission, he had drunk five glasses of ale at the home of a friend where he ate supper, shortly before leaving to walk to the scene of the accident. The defendant testified that he saw a bag in the plaintiff's hand as he lay along the right fender immediately after the collision. A police officer said that there was a bag containing beer lying beside the plaintiff when he arrived at the scene. Another officer who investigated the case also testified that "there was a bag of beer bottles beside the pedestrian."

It appears that the parties were traveling in opposite directions in the same lane of travel and that the road was icy. The plaintiff himself, in describing the accident, said that he was walking on the side of the road, which was some thirty feet wide, looking down at his feet. He saw no sign of a car until "the lights flashed in my face" and at practically the same instant, "I was hit." It is undisputed that he had an unobstructed view of at least several hundred feet ahead in the direction from which the defendant's car was approaching and that the weather was clear.

In all these circumstances, we believe that reasonable persons could conclude that the plaintiff's senses had been affected by the ale which he had consumed. The Court properly charged the jury that they should determine what the plaintiff's condition was as a result of drinking and if they found it to be causal of the accident they should return a verdict for the defendant. The exception to this instruction is therefore overruled.

However, the plaintiff claims that the Court's charge was misleading and that the jury might have understood that they could consider the expert's statement, that the plaintiff's blood test of .19 indicated consumption of more alcohol than the plaintiff admitted having had, as bearing directly on this issue. It appears that this position cannot be maintained. The record discloses that the Court clearly instructed the jury twice, when this testimony was introduced, that it was "limited to the credibility of the plaintiff." Again the Court specifically charged the jury that when evidence was admitted "for a limited purpose, you could only consider it for a limited purpose." It is to be presumed that the jury followed these instructions. *Whipple* v. *Railroad*, 90 N. H. 261. Furthermore, not only is the Court's finding that the jury was not misled and that the trial was fair, entitled to great weight (*McLaughlin* v. *Union-Leader*, 99 N. H. 492, 499), but an examination of the entire record convinces us that the jury could not have been misled. *Cf. West* v. *Railroad*, 81 N. H. 522, 531. It follows that the plaintiff's exception cannot prevail. *Lindberg* v. *Swenson*, 95 N. H. 184, 187.

His contention that the Presiding Justice erred in not allowing him more latitude in cross-examining the defendant's expert witness, who testified regarding the plaintiff's alcoholic blood content, does not require extended consideration. A lengthy cross-examination was permitted, and the record discloses no abuse in the limitation finally imposed. The Justice's discretionary exclusion is not reviewable here. *Laird* v. *Railroad*, 80 N. H. 377, 379.

The plaintiff's further exception, on the ground that the blood test was not made pursuant to accepted or approved practices (see *State* v. *Reenstierna*, 101 N. H. 286; *State* v. *Fornier*, 103 N. H. 152), cannot be sustained. We believe the fair import of the agreement between counsel made in open court early in the trial, that the alcoholic content of the plaintiff's blood was .19 precludes him from later raising this objection. *Burtman* v. *Butman*, 94 N. H. 412.

A final issue urged by plaintiff's counsel is that he was not allowed to recall his client to testify a second time as to his drinking habits. This matter also is purely discretionary with the Court. *Coleman* v. *Burns*, 103 N. H. 313, 318; *Constantine* v. *Grenier*, 81 N. H. 550. The plaintiff had already stated on direct examination what his drinking habits were. No abuse of discretion appears in the Court's refusal to allow elaboration of

this matter. The exception is accordingly overruled.
    The order is

*Judgment on the verdict.*

All concurred.