JAYE HUNT *v.* HARTFORD ACCIDENT AND
INDEMNITY COMPANY

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 126519
AT NEW HAVEN

Memorandum filed January 8, 1974

*James O'Connor Shea,* of New Haven, and *Marshall N. Dudley,* of Guilford, for the plaintiff.

*Regnier, Moller & Taylor,* of Hartford, for the defendant.

MULVEY, J. The plaintiff, in a personal injury action arising out of an automobile accident on February 26, 1965, obtained a judgment against William Richter and another. She is now attempting, by way of subrogation (General Statutes § 38-175), to enforce William Richter's alleged rights against the defendant insurance company. She bases this action on a claim that at the time of the accident William Richter was operating his mother's car with her permission and was an additional insured under the insurance policy of his mother, Gertrude Richter, with the defendant. In the plaintiff's negligence

action her recovery was against another defendant and William Richter only, the defendant insurance carrier having successfully defended Gertrude Richter against a claim under the family car doctrine. *Hunt* v. *Richter,* 163 Conn. 84.

Thereafter, the plaintiff commenced the present action and in due course moved for summary judgment. In support of that motion she submitted affidavits she had obtained from Gertrude and William Richter allegedly establishing that William had Gertrude's permission to operate her automobile at the time of the accident in which the plaintiff was injured. Both affidavits were typed on stationery of the plaintiff's attorney, notarized by Gertrude Richter's personal attorney, and dated September 9, 1972. The defendant insurance carrier immediately moved for permission to file and did file a special defense reciting the "assistance and cooperation" clause of its policy; that Gertrude Richter had filed the affidavit referred to above; that the plaintiff was attempting to enforce a judgment against William Richter, son of Gertrude Richter; and that although there is no judgment entered against Gertrude Richter, both Richters signed affidavits for the plaintiff's attorney for use in the summary judgment motion. The plaintiff then demurred to that defense on the ground that any duty owed by Gertrude Richter to cooperate with the defendant insurance carrier ceased at the time of the entry of the judgment in Gertrude Richter's favor in the plaintiff's negligence action. The demurrer was overruled, the court *(Mulvey, J.)* holding that the duty of a named insured to cooperate with her carrier extends to all claims or litigation arising because of her direct or indirect activity until her carrier's interest in those matters has been finally terminated.

The "Assistance and Cooperation of the Insured" clause of the defendant's policy reads, in part:

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."

The defendant claims that it is entitled to summary judgment because this court has already ruled that Gertrude Richter was, at the time she gave the affidavit on September 9, 1972, still bound by the assistance and cooperation clause of her policy with the defendant and that, as a matter of law, by giving her affidavit to the plaintiff on September 9, 1972, she breached that clause.

In *Arton* v. *Liberty Mutual Ins. Co.*, 163 Conn. 127, our Supreme Court has said that the purpose of the cooperation provision is to protect the interests of the insurer. "If insurers could not contract for fair treatment and helpful cooperation from the insured, they would, at the very least, be severely handicapped in determining how and whether to contest the claim, and might, in addition, be particularly susceptible to possible collusion between the participants in the accident. . . . This is particularly true where the insured is the only nonadversary source of information available to the insurer." Id., 134.

When persons "cooperate," they act jointly and concurrently toward a common end. In the instant matter, they are governed by a contract—the assistance and cooperation clause. The common end is not that the insured, regardless of truth, shall establish nonliability for herself or for the company; "cooperation" in this connection means that there be a fair and frank disclosure of information reasonably demanded by the insurer to enable it to determine whether there is a genuine defense. *Ocean Accident & Guarantee Corporation* v. *Lucas,*

74 F.2d 115. Gertrude Richter did give a full statement to the defendant on March 9, 1965. William Richter gave the defendant a statement on March 11, 1965, and a second statement on March 12, 1965.

In *Rochon* v. *Preferred Accident Ins. Co.*, 118 Conn. 190, 198, our Supreme Court, in discussing a cooperation clause, said that any conduct of an insured, to constitute a breach of it, must have adversely affected the insurer's interest in some substantial and material way. But this court is not aware of, nor have counsel alerted it to, any case holding that the mere giving of a statement by an insured to persons other than the insurer's representatives, whether to claimants or to claimants' counsel, concerning the facts of an accident is, as a matter of law, a breach of the cooperation clause. To the contrary, see such cases as *Tennessee Farmers Mutual Ins. Co.* v. *Wood*, 277 F.2d 21; *Lumbermens Mutual Casualty Co.* v. *Chapman*, 269 F.2d 478; *Levy* v. *Indemnity Ins. Co.*, 8 So. 2d 774 (La. App.); *Maryland Casualty Co.* v. *Lamarre*, 83 N.H. 206.

Clearly, the issue, if counsel pursue it, as to whether Gertrude Richter's conduct in giving the statement of September 9, 1972, constituted a breach of the cooperation clause of the policy is a question of fact to be determined at trial. See *Rochon* v. *Preferred Accident Ins. Co.*, supra; note, 98 A.L.R. 1465.

Having decided that a question of fact exists, this court can go no further. *Associates Discount Corporation* v. *Smith's Windham Lincoln-Mercury Sales, Inc.*, 153 Conn. 176, 180.

The defendant's motion for summary judgment is denied.