Rockingham
No. 7028

## Mary T. Saurman

v.

## Denise Liberty, Administratrix, Estate of Roger Schwalm

February 27, 1976

*Flynn, Powell, McGuirk & Blanchard* and *John P. McGee, Jr. (Mr. McGee* orally), for the plaintiff.

*Charles F. Hartnett,* by brief and orally, for the defendant.

GRIMES, J.    This transfer involves an action of case for personal injuries. The main issues are: (1) whether a suit for personal injuries may be maintained against the estate of a deceased motor vehicle operator when it is begun within six months of the grant of administration but when the demand period has been waived and consent to sue to the extent of the insurance coverage was given by the administratrix appointed on a creditor's petition who was the secretary of plaintiff's then attorney; (2) whether the administrat-

rix should be removed for conflict of interest on the petition of the deceased's mother who is represented by counsel for the insurer; and (3) whether the trial court erred in limiting cross-examination of the administratrix.

The defendant's plea in bar was denied by *Morris,* J., who transferred defendant's exceptions. The mother of the deceased petitioned the probate court to remove the administratrix and appoint a new one. After hearing, the petition was denied by the probate court and on appeal all questions of law were transferred from superior court by *Cann,* J., pursuant to RSA 547:30.

On November 22, 1971, plaintiff was injured when the car in which she was riding was in a collision with a car driven by Roger Schwalm, who was killed in that accident. By writ dated June 13, 1973, plaintiff's attorney brought suit naming Roger Schwalm. On August 6, 1973, counsel for Lumbermen's Mutual Casualty Company, the insurer of the Schwalm vehicle, entered a special appearance and pleaded in bar to the plaintiff's cause of action that the defendant had died. It was only at this point that plaintiff's counsel learned of Schwalm's death. No administration had been taken out on decedent's estate, and plaintiff withdrew the writ.

Plaintiff next filed a creditor's petition for appointment of Denise Liberty as the administratrix of Roger Schwalm's estate. RSA 553:2 III (1974). The petition was allowed on September 25, 1973. Denise Liberty was at that time employed as secretary for plaintiff's then attorney. On October 8, 1973, the administratrix sent a signed letter to plaintiff's associate counsel which stated, "I, Denise Liberty, Administratrix of the Estate of Roger Schwalm, do hereby waive the demand period and consent to writs being brought provided recovery will not exceed the insurance coverage." After waiver of the requirements of RSA 556:1, formal demand was made on the administratrix on October 12, 1973, for payment of plaintiff's claim. On October 15, 1973, the administratrix was served with plaintiff's writ.

RSA 556:11 states that in an action of tort for physical injuries where the action is not pending at the time of the decease of one of the parties and has not already become barred by the statute of limitations, the action "may be brought for such cause at any time within two years after the death of the deceased party, and not afterwards." This statutory provision, however, is qualified by RSA 556:1 which states: "No action shall be sustained against an administrator if begun within six months after the original grant of administration, nor unless the demand has been exhibited to the

administrator and payment has been demanded." Section 3 provides that "no such action shall be sustained unless the demand was exhibited to the administrator within six months after the original grant of administration, exclusive of the time such administration may have been suspended." The death of Roger Schwalm occurred on the date of the accident, November 22, 1971. RSA 556:11 (1974) would thereby require that plaintiff's action for personal injuries be commenced before November 22, 1973, or be barred. However, the administratrix of the Roger Schwalm estate was not appointed until September 25, 1973. As RSA 556:1 requires that no action be brought within six months after the grant of administration, plaintiff would be unable to commence her action until March 25, 1974, approximately four months after the two-year statute of limitation period of RSA 556:11 would have extinguished her claim. If plaintiff's claim was to survive the two-year statute of limitations, the six-month provision of RSA 556:1 (1974) would have to have been waived. *See Heath v. Cleveland,* 104 N.H. 451, 453, 189 A.2d 488, 490 (1963); *Hall v. Brusseau,* 100 N.H. 87, 89, 119 A.2d 703, 704 (1956).

The defendant's insurer initially contends that the action must be barred by the provisions of RSA ch. 556, and cites *Heath v. Cleveland supra* as controlling precedent. In that case, we held that an action for physical injuries will be forever barred if not brought within two years of the date of the decedent's death. *Heath v. Cleveland,* 104 N.H. at 453, 189 A.2d at 490. In the instant case, the action was commenced within the two-year period required by RSA 556:11. It is only the six-month provision of RSA 556:1 which would bar the action. Defendant argues that this provision cannot be waived, again relying on *Heath v. Cleveland* for support. In *Heath* it was stated, "[I]n order for the plaintiff's cause of action to survive against the defendant, it was necessary that an action be commenced within two years after the date of death of Perley A. Spalding, or before December 28, 1960. The original petition filed on December 4, 1960, was brought within this time limit. However, no action brought on that date, or any date between the date of original grant of administration (December 20, 1960) and December 28, 1960, could be sustained against *objection by the defendant administrator* because it would necessarily be 'begun within six months after the original grant of administration.'" *Id.* (Emphasis added.) This language does not stand for the proposition that the six-month requirement of RSA 556:1 cannot be waived, but rather that when the requirement is violated the administrator's objection must be

sustained. *See also Bottomly v. Parmenter,* 85 N.H. 322, 325, 159 A. 302, 305 (1932).

The policy of RSA 556:1 is to ensure the orderly and expeditious presentation of claims and settlement of estate. *Frost v. Frost,* 100 N.H. 326, 328, 125 A.2d 656, 658 (1956); *Hall v. Brusseau,* 100 N.H. at 89, 119 A.2d at 704; *Sullivan v. Marshall,* 93 N.H. 456, 458, 44 A.2d 433, 434 (1945). The purpose of the six-month rule is not to deprive creditors of their rights but to allow the administrator a sufficient amount of time to examine the estate, to gather the assets, and to pay just claims and thus be spared from unnecessary suits. *Lunderville v. Morse,* 112 N.H. 6, 287 A.2d 612 (1972); *McInnes v. Goldthwaite,* 94 N.H. 331, 52 A.2d 795 (1947). Since it is designed to protect the administrator, the policy of RSA 556:1 will not be destroyed by allowing its provisions to be waived. We have held that the conduct of an administrator may be such that failure to comply with the statutory provisions of RSA 556:1 may be waived. *Frost v. Frost supra; Dewey v. Noyes,* 76 N.H. 493, 84 A. 935 (1912). If these statutory provisions can be held waived involuntarily due to the conduct of an administrator, we can see no reason why they cannot be voluntarily waived by the administratrix in the instant case.

Insurer claims that since the administratrix was secretary of plaintiff's first counsel, she was improperly appointed. However, RSA 553:2 III specifically allows that the administration of the estate of a deceased may be granted to one of the creditors. If a creditor may be appointed as administrator *(See Robinson v. Carroll,* 87 N.H. 114, 174 A. 772 (1934); *Jones v. Herbert,* 77 N.H. 282, 90 A. 854 (1914)), we see no reason why the creditor's nominee may not be appointed as administratrix. The policy behind RSA 553:2 III is to ensure that valid claims of creditors will not be lost by failure to appoint an administrator. 1 W. Treat, Probate Law § 179 (1968). The appointment of the administratrix in the instant case is consistent with that policy.

Nor do we see any conflict of interest beyond that which of necessity is contemplated when a creditor is appointed under RSA 553:2 III. The mother of the deceased neglected for some twenty-two months to apply for administration, thus losing any preference she may have had to be appointed. RSA 553:3 (1974). There is no suggestion that plaintiff's claim is not an honest one and the waiver and consent to suit is not inconsistent with any legitimate interest of the estate.

We also find no merit in the insurer's exception to the limitation

on cross-examination of the administratrix regarding possible violation of the cooperation clause of its policy as bearing on the voluntariness of the waiver. The scope of cross-examination is within the discretion of the trial court and, absent abuse, it is not reviewable here. *Dodge v. Clair,* 105 N.H. 276, 198 A.2d 12 (1964).

*Exceptions overruled.*

All concurred.