Rockingham
No. 79-175

AMERICAN POLICYHOLDER'S INSURANCE CO.

v.

LOUIS BAKER, ADMINISTRATOR, ESTATE OF CRAIG BAKER,

AND HELEN KIRATSOS, ADMINISTRATRIX, ESTATE OF JOHN BECK

LOUIS BAKER, ADMINISTRATOR, ESTATE OF CRAIG BAKER

v.

HELEN KIRATSOS, ADMINISTRATRIX, ESTATE OF JOHN BECK

December 28, 1979

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg, Jr.*, orally), for the plaintiff, American Policyholder's Insurance Co.

*Gall, Shapiro & Groff*, of Nashua (*William J. Groff* orally), for the defendant, Louis Baker, administrator of the estate of Craig Baker.

BOIS, J. This is a petition for declaratory judgment brought by American Policyholder's Insurance Co., arising from a wrongful death action brought against its insured. Defendants in this petition

are the insured and the claimant in the underlying action. The issues are whether the administratrix of the estate of the insured legally waived the nonclaim provision of RSA 556:1, and whether such a waiver, if valid, violated the cooperation clause in the insured's policy. We find that the waiver was valid and did not violate the terms of the policy.

John Beck was the operator of a motor vehicle involved in an accident in Hooksett on August 12, 1974, in which he and a passenger, Craig W. Baker, were killed. On June 8, 1976, the Rockingham County Probate Court, on a creditor's petition, appointed Louis Baker as administrator of the estate of Craig W. Baker and Helen Kiratsos as administratrix of the estate of John Beck. Helen Kiratsos is today and was in 1976 a secretary in the firm which represents the Baker estate.

On June 14, 1976, Louis Baker, as administrator for the estate of Craig Baker (hereinafter defendant Baker), made demand of claim on Helen Kiratsos, administratrix of the estate of John Beck (hereinafter defendant Kiratsos) pursuant to RSA 556:1. On the same date, defendant Kiratsos delivered a letter to counsel for defendant Baker purporting to waive the six-month "waiting period" required by RSA 556:1. On July 6, 1976, defendant Kiratsos was served with a writ of summons brought by defendant Baker against the estate, alleging that the death of Craig Baker was caused by the negligence of John Beck. She forwarded a copy of the writ to plaintiff insurance company and requested that it enter an appearance and defend the action. The insurance company then brought this petition for declaratory judgment. Following a hearing on January 3, 1979, the Trial Court (*King*, J.) reserved and transferred the issues before us.

The first issue is whether defendant Kiratsos legally waived the nonclaim provision of RSA 556:1. That statute provides that an action may not be sustained against an estate if begun within six months after the grant of administration. The date of administration in this case was June 8, 1976. The date of death was August 12, 1974. Because the statute of limitations for a wrongful death action is two years from the date of death, RSA 556:11, defendant Baker would have been barred from bringing suit if defendant Kiratsos had refused to waive the six-month waiting period of RSA 556:1.

■■ Plaintiff company argues that the action of defendant Kiratsos did not constitute a valid waiver because she had neither actual knowledge of the right being waived nor the requisite intention to relinquish that right. Because there is evidence in the record to support a finding that defendant Kiratsos understood the ramifications of her actions and had the requisite intent to waive the

delay provision of RSA 556:1, we cannot say that the waiver was invalid as a matter of law. Nor are we persuaded that the court should disallow such waivers to creditors as a matter of public policy. The purpose of the six-month period is not to deprive creditors of their rights, but to allow the administrator a sufficient amount of time to examine the estate, gather the assets, and pay just claims. *Saurman v. Liberty*, 116 N.H. 73, 76, 354 A.2d 132, 134 (1976). Because it is designed to protect the administrator, the policy behind RSA 556:1 will not be destroyed by allowing its provisions to be waived by the administrator for creditors.

Plaintiff company next argues that defendant Kiratsos violated the cooperation clause. It is not disputed that defendant Kiratsos' waiver of the six-month delay provision of RSA 556:1 enabled plaintiff to sustain an action which otherwise would have been barred by the statute of limitations. Plaintiff argues, however, that such acts materially and adversely prejudiced plaintiff, that such acts constituted a breach of the cooperation clause, and that such a breach relieves plaintiff of its obligation to provide coverage.

The cooperation clause at issue provides as follows:

> The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

The purpose of a cooperation clause is to protect the insurer in its defense of suits by obligating the insured not to intentionally and deliberately take any action which would substantially affect adversely the insurer's defense, settlement, or other handling of the claim. *Portsmouth Hospital v. Indemnity Ins. Co.*, 109 N.H. 53, 58, 242 A.2d 398, 401 (1968); *see Travelers Ins. Co. v. Godsey*, 260 Md. 669, 273 A.2d 431 (1971); 44 AM. JUR. 2d *Insurance* 1560 (1969). *See generally* Annot., 8 A.L.R.3d 1345 (1966). A cooperation clause does not impose an obligation upon the insured to take an active role in defeating a claim, but only to "assist" and "cooperate" with the insurer in its

defense of a claim. *See Jordan v. Standard Mutual Ins. Co.*, 199 N.E.2d 423 (Ill. App. 1964).

■ ■ We hold that the waiver by defendant Kiratsos of the nonclaim provision of RSA 556:1 did not violate the express or implied terms of the cooperation clause in the insurance policy. The tenor of that clause is that the insured had only a duty to make a truthful disclosure and attend pertinent hearings or trials to aid the insurer in its defense of a claim. The waiver was legally permissible, *Saurman v. Liberty*, 116 N.H. 73, 76, 354 A.2d 132, 134 (1976), and there was no evidence of collusion or bad faith. It certainly is not a fraud to do that which the law permits. *Elliott v. Metropolitan Casualty Ins. Co. of New York*, 250 F.2d 680, 685 (Pickett, Circuit Judge, dissenting) (10th Cir. 1957).

■ ■ Plaintiff company implies that the court's appointment of a legal secretary in the firm representing the administrator of the claimant as administratrix for the insured was improper. In view of the policy that valid claims of creditors will not be lost by failure to appoint an administrator, we do not consider the appointment to be improper. *Saurman v. Liberty*, 116 N.H. 73, 76, 354 A.2d 132, 134 (1976); *see Potomac Ins. Co. v. Boles*, 205 F. Supp. 879, 881 (S.D. Ind. 1962). It may be a breach of a cooperation clause for an insured to collude with those claiming damages, but an insured has no implied obligation to refrain from frequent dealings with a claimant, or from assisting and even encouraging the claimant to proceed with a legitimate claim. *See Maryland Casualty Co. v. Lamarre*, 83 N.H. 206, 140 A. 174 (1928); Annot., 8 A.L.R.3d 1345 (1966).

■ We emphasize that liability insurance is intended not only to indemnify the insured, but also to protect members of the public who may be injured through negligence. *Pennsylvania Threshermen & F.M. Cas. Ins. Co. v. Owens*, 238 F.2d 549, 550–51 (4th Cir. 1956). To burden the insured with an obligation to do everything in his power to defeat a legitimate claim would greatly weaken the practical usefulness of policies designed to afford public protection. *Id.*

*Remanded for trial.*

KING, J., did not sit; the others concurred.