STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Appellant and Cross–Appellee,

v.

Michael SECRIST and Brenda Weston, a/k/a Brenda W. Secrist, Defendants–Appellees and Cross–Appellants.

No. 00CA1705.

Colorado Court of Appeals, Division IV.

Sept. 13, 2001.

Retherford, Mullen, Johnson & Bruce, J. Stephen Mullen, Neil C. Bruce, Daniel P. D'Acquisto, Colorado Springs, CO, for Plaintiff–Appellant and Cross–Appellee.

Melat, Pressman & Higbie, LLP, Judith K. Funderburg, Colorado Springs, CO, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge STERNBERG.*

This is an appeal and cross-appeal in a declaratory judgment action brought by plaintiff, State Farm Mutual Automobile Insurance Company. At issue are the liability coverage of one policy and the uninsured motorist coverage in a second policy, both of which were issued by State Farm. State Farm appeals the judgment that defendant, Brenda Weston (the passenger), was entitled to uninsured motorist coverage under her policy. The passenger cross-appeals the judgment that she was not entitled to coverage under the driver's liability policy. We affirm.

The passenger was injured in an automobile accident while riding in a Mustang operated by the driver. Before the accident, the driver had transferred title of the Mustang to the passenger to avoid an Internal Revenue Service lien on the car. Although the passenger had a set of keys to the Mustang and occasionally drove it, the driver remained the car's primary operator, and the couple understood that he was the owner. The passenger drove her own car, a Cadillac, which was also insured by State Farm.

After the accident, the passenger and the driver married. The passenger sued the driver to recover for the injuries she suffered in the accident. State Farm retained an attorney to represent the driver. That attorney withdrew after the driver announced that he intended to retain counsel of his own choosing. State Farm wrote two letters to the driver, asking him for his new attorney's name and advising him of his duty to cooperate, but the driver did not respond.

Subsequently, the driver, acting on his own, in response to the passenger's attor-

---

* Sitting by assignment of the Chief Justice under the provisions of the Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2001.

ney's request for admissions, admitted both that the accident was his fault and that the passenger's damages exceeded $100,000. Based on the driver's admissions, the trial court entered a judgment for $100,000 in passenger's favor.

State Farm filed this declaratory judgment action to determine its liability to the passenger under the two policies covering respectively the Mustang and the Cadillac. The passenger counterclaimed, seeking a declaration that she could recover her damages under both policies.

The trial court determined after a hearing that (1) the driver owned the Mustang and had an insurable interest in the car when the accident occurred; (2) State Farm was excused from providing liability coverage under the Mustang policy because the driver had violated the policy's cooperation clause; and (3) the passenger was entitled to uninsured motorist benefits under the Cadillac policy.

## I.

State Farm contends that the trial court erred in concluding that the passenger was entitled to recover uninsured motorist benefits under the policy insuring her Cadillac. State Farm bases its contention on alternative theories: (1) the Mustang was not an uninsured motor vehicle; or (2) as the titled owner of the Mustang, the passenger was precluded from recovering as an uninsured motorist under the policy insuring her Cadillac. We reject both theories.

The relevant facts are undisputed; the issue presented is solely a question of law. Hence, our review is *de novo*. *See, e.g., Kaiser v. Mkt. Square Disc. Liquors, Inc.,* 992 P.2d 636 (Colo.App.1999).

### A. The Mustang became an Uninsured Motor Vehicle.

■ The uninsured motorist provision of the Cadillac policy states that State Farm "will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle." The definition of an "uninsured motor vehicle" in the policy includes insured vehicles for which coverage is denied.

Here, as the trial court found, the Mustang was uninsured because the driver's admission of liability gave State Farm the right to deny coverage under that car's liability policy, and that denial of coverage under the Mustang policy triggered uninsured motorist coverage under the unambiguous terms of the Cadillac policy.

State Farm argues that the denial of liability coverage does not always result in an obligation to provide uninsured motorist benefits. While we might agree, we also note that State Farm relies on fact-specific cases, in each of which the absence of coverage turned on policy language that is not at issue here. *See Allstate Ins. Co. v. Feghali,* 814 P.2d 863 (Colo.1991)(husband who operated car that collided with his wife's car was not entitled to uninsured motorist benefits where the couple's insurance policy specifically excluded him from such protection). *Lopez v. Dairyland Ins. Co.,* 890 P.2d 192 (Colo.App. 1994) (excluded driver endorsement precluded uninsured motorist coverage where accident occurred while excluded driver was operating the vehicle).

We also reject State Farm's contention that it is unreasonable to provide the passenger with uninsured motorist benefits under the circumstances of this case. The passenger paid State Farm for uninsured motorist coverage. She was injured while riding in a car that became uninsured because of a denial of liability coverage. The plain language of her policy provides for coverage in such circumstances.

■ An unambiguous insurance policy must be given effect according to the plain meaning of its terms. *Aetna Cas. & Sur. Co. v. McMichael,* 906 P.2d 92 (Colo.1995). A contrary conclusion would render the passenger's insurance policy illusory and deprive her of the coverage for which she paid. *See State Farm Mut. Auto. Ins. Co. v. Nissen,* 851 P.2d 165 (Colo.1993).

### B. The Passenger did not have an insurable interest in the Mustang.

■ The insurance policy for the passenger's Cadillac states that she is not entitled

to uninsured motorist benefits for any accident involving a vehicle that she owns. The trial court found that driver owned the Mustang when the accident occurred, even though the car's title was in the passenger's name.

■ While a certificate of title to a vehicle creates a rebuttable presumption of ownership in the person named in the certificate, *Potter v. State Farm Mut. Auto. Ins. Co.*, 996 P.2d 781 (Colo.App.2000), we agree with the trial court that that presumption was rebutted here.

In concluding that ownership of the Mustang was not effectively transferred to passenger, the trial court relied on *Martinez v. Allstate Insurance Co.*, 961 P.2d 531 (Colo. App.1997). In *Martinez*, the driver of a motorcycle involved in an accident was found to be the owner even though he had placed the title in his sister's name. The driver made his sister the titleholder so that the motorcycle would not be considered marital property in his pending divorce. The court found that the driver owned the motorcycle because he had bought it and paid all the costs required to drive it, and he regularly and exclusively used it as his sole means of transportation and considered it to be exclusively his.

Here, as in *Martinez*, the driver considered the Mustang to be his and drove it regularly. While passenger may have used the Mustang occasionally, the parties did not consider it to be her car. Moreover, the driver transferred title for a purpose other than conveying ownership. Thus, the similarities between this case and *Martinez* are sufficient for us to conclude that *Martinez* is controlling.

The trial court properly concluded that the passenger is entitled to recover uninsured motorist benefits from State Farm.

## II.

■ In her cross-appeal, the passenger contends that the driver did not violate the cooperation clause in his insurance policy and therefore the trial court erred in concluding that State Farm was excused from providing liability coverage under that policy. We disagree.

■ The right to recover under a policy may be forfeited only when, in violation of a policy provision, the insured fails to cooperate with the insurer in some material and substantial respect. The failure to cooperate is a breach only if material and substantial disadvantage to the insurer is proved. *Ahmadi v. Allstate Ins. Co.*, 22 P.3d 576 (Colo. App.2001).

The driver's insurance policy obligated him to cooperate with State Farm and to refrain from voluntarily assuming any obligation or expense. The trial court found that the driver breached this obligation when he discharged the attorneys State Farm had retained, failed to respond to State Farm's letters advising him of his duty to cooperate, and admitted liability for defendant's injuries in an amount exceeding $100,000.

■ Cooperation requires "joint operation; common effort or labor." *Hansen v. Barmore*, 779 P.2d 1360, 1364 (Colo.App.1989) (quoting *Webster's Third New International Dictionary* 501 (1986)). The purpose of a cooperation clause is to protect the insurer in its defense of claims by obligating the insured not to take any action intentionally and deliberately that would have a substantial, adverse effect on the insurer's defense, settlement, or other handling of the claim. *Am. Policyholder's Ins. Co. v. Baker*, 119 N.H. 958, 409 A.2d 1346 (1979).

Here, contrary to the passenger's contention, the driver had no qualifications that would permit him to comment truthfully and accurately on the extent of passenger's damages. His admissions on this issue, which were made without State Farm's knowledge or consent, led to a $100,000 judgment for which State Farm would ultimately be responsible. The driver's admissions about the extent of the passenger's damages thus resulted in a material and substantial disadvantage to State Farm, and therefore excused State Farm from providing liability coverage.

The judgment is affirmed.

Judge RULAND and Judge ROTHENBERG concur.