# ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-236

OCTOBER TERM, 2015

| | | |
|---|---|---|
| Charles Chandler | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Concord Group Insurance Co., et al. | } | DOCKET NO. 153-3-10 Wmcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff Charles Chandler filed this suit against his insurance company, Concord Group Insurance Co., seeking a declaration that Concord was obligated to pay monetary compensation to his then-girlfriend, now-wife, Faye Ainsworth for injuries she allegedly incurred when she visited Chandler at his workplace and fell on the stairs. The trial court granted Concord's motions to dismiss and for summary judgment on the basis that Chandler breached his obligation to cooperate with Concord and Concord was therefore relieved of its obligations to defend and indemnify. On appeal, plaintiff contends that the court erred in granting summary judgment because material facts were in dispute. We affirm.

The trial court set forth the following undisputed facts. Chandler and Ainsworth claim that she tripped on the steps at his business premises in May 2009. Concord first received notice of the incident in February 2010, and requested that Chandler sign a nonwaiver agreement so it could investigate. Chandler refused to sign the agreement and determined that Concord's desire to investigate the claim was in effect a wrongful denial of the claim. In March 2010, Concord sent Chandler a letter explaining that it was not denying coverage, but it needed to conduct a full investigation before considering a settlement. It also explained that Chandler had canceled the appointment to meet with a Concord investigator. Chandler filed this suit in March 2010, alleging that Concord had refused to pay his claim and seeking $1,069,700 in damages he would "most likely have to pay to Faye Ainsworth." Concord denied the allegations and counterclaimed for a declaration of noncoverage. Concord filed motions to dismiss and for summary judgment, asserting that due to Chandler's noncooperation, it was relieved of its obligations to defend and indemnify Chandler.

In August 2010, Ainsworth filed suit against Chandler. See Ainsworth v. Chandler, 2014 VT 107, ¶¶ 3-6 (setting forth facts of case). Although Chandler did not contest his liability, Concord intervened and defended the suit on his behalf. Concord filed for summary judgment, and the trial court entered judgment for Chandler, concluding that Ainsworth was a social guest and therefore Chandler did not breach a duty of care owed to her. Id. ¶ 6. Because the court had found no liability in the personal-injury suit, the court also entered judgment for Concord in this suit for coverage, and denied as moot the motions to dismiss and for summary judgment.

Chandler appealed the judgments in both cases. We reversed and remanded the judgment in the personal-injury case, concluding that issues of material fact existed that precluded judgment under the legal standard we had established in a recent decision. Id. 2014 VT 107, ¶¶ 10-12 (citing Demag v. Better Power Equip., Inc., 2014 VT 78). Because coverage was again a live issue, on remand, Concord sought to have its motions to dismiss and for summary judgment revived in this case involving coverage.

Based on the undisputed facts presented, the court concluded that Chandler had actively prevented Concord from investigating the incident by not reporting it for several months, not allowing investigators access to the premises, staging photographs, and interfering with discovery and depositions. The court also concluded that Chandler had violated his duty to not undertake obligations without Concord's assent by settling Ainsworth's claims against him.[1] The court noted that Chandler had embroiled Concord in protracted litigation by filing suits in both state and federal courts in Vermont and Massachusetts and by filing repeated motions to disqualify judges and court staff. The court explained that it appeared Chandler had colluded with Ainsworth to obtain a settlement from Concord. Under these circumstances, the court concluded that Concord established Chandler had breached his obligation to cooperate, and relieved Concord of its duties under the insurance policy. Thus, the court granted Concord summary judgment on all but two of the counts in the complaint. As to the other two claims, the court granted Concord's motion to dismiss. The same day, the court entered judgment for Concord. Chandler appeals.[2]

On appeal from a summary judgment decision, this Court reviews the case de novo and applies the same standard as the trial court. Smith v. Nationwide Mut. Ins. Co., 2003 VT 61, ¶ 8, 175 Vt. 355. "Summary judgment is appropriate only where the record demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Id.; see V.R.C.P. 56(a). The nonmoving party receives the benefit of all reasonable doubts and inferences. Smith, 2003 VT 61, ¶ 8.

Concord's motion for summary judgment was based on its assertion that Chandler violated the cooperation clause of the policy, which reads as follows:

---

[1] In the personal injury case, Ainsworth filed for summary judgment supported by a final stipulation in which Chandler agreed to pay $1,311,500 in settlement. When Concord opposed this motion, Chandler objected. The court denied the motion, concluding that absent agreement by all parties the matter needed to be decided by a jury. After Concord was granted judgment in this matter, the court granted judgment to plaintiff Ainsworth in the personal-injury case based on the stipulation between Ainsworth and Chandler.

[2] We reject Concord's argument that Chandler failed to appeal a final judgment and therefore the appeal should be dismissed. The court issued an order resolving Concord's pending motions to dismiss and for summary judgment. The order was dated May 22, 2015, and docketed by the clerk on May 29, 2015. In a separate order, the court entered judgment in favor of Concord. That document was likewise dated May 22, 2015, but stamped by the trial court and actually entered in the docket on May 29, 2015. Chandler filed a notice of appeal on June 18, 2015, stating he was appealing the May 22, 2015 order. Concord asserts that Chandler is appealing the summary-judgment decision, not the final order and therefore his appeal is not from a final judgment. There is no merit to this argument. Chandler's notice of appeal was timely filed within thirty days of final judgment.

You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

The policy also requires the insured to, among other things, notify Concord "as soon as practicable" of any occurrence that may result in a claim. It also states: "No insured will, except at that insured's own cost, voluntarily make payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

Where an insured refuses to cooperate with the terms of a policy, the insurer can be relieved of its obligation to defend or indemnify if it meets the burden of demonstrating lack of cooperation and resulting prejudice.[3] Smith, 2003 VT 61, ¶ 10. Prejudice is demonstrated if the insured's breach "placed the insurer in a substantially less favorable position than it would have been had the insured fully cooperated." Id. "The primary purpose of a cooperation clause is to enable insurers to make a proper investigation while the information is fresh, enable them to decide upon their obligations, and protect them from fraudulent and false claims." Id. ¶ 12.

Chandler argues that there were disputed questions of fact that precluded summary judgment on the basis that he did not cooperate.[4] In his brief, he identifies the trial court's description of medical providers' diagnosis of Ainsworth's injuries the day after the incident, the trial court's statement that he did not provide notice of the incident until February 2010, the trial court's characterization of his refusal to sign the nonwaiver agreement as tantamount to asserting that Concord's professed need to investigate the claim was a ruse, and the trial court's overall conclusion that he was noncooperative with Concord among the matters he said were disputed so that summary judgment was premature.

Chandler has not disputed several material facts with countervailing evidence. Chandler has not presented any evidence contravening Concord's evidence on any of the following points: (1) Concord first contacted him on March 3, 2010, after receiving the notice-of-claim letter from

---

[3] On appeal, Chandler asserts that the meaning of the cooperation clause is disputed, and he is challenging the validity of it. Chandler fails to indicate where he preserved this claim below; therefore, we do not address it. See N. Sec. Ins. Co. v. Stanhope, 2010 VT 92, ¶ 7, 188 Vt. 520 (declining to address argument not "clearly and specifically raised with the trial court").

[4] Concord contends that Chandler's brief fails to comply with the requirements of the appellate rules and therefore the appeal should be dismissed. See V.R.A.P. 28(a) (setting forth requirements for appellant's brief). Although Chandler's brief does not comply with all of the rule requirements, we decline to dismiss the appeal on this basis. To the extent we can discern Chandler's arguments, we address them.

Ainsworth's attorney that Mr. Chandler's insurance agent had forwarded to Concord.[5]  (2) On March 9, 2010, Concord notified him that it was investigating his claim under a reservation of rights and requested that he arrange to meet with Concord's investigator; (3) On March 18, 2010, Concord, by letter, confirmed that it had not denied coverage, indicated that it needed to conduct an investigation to evaluate the claim, and confirmed that Chandler had cancelled a scheduled meeting with a Concord investigator. (4) That same day Chandler sent a letter to Concord, by fax, accusing Concord of denying the claim, insisting that Concord pay the claim "immediately," and stating, "If you don't settle then I will have no other recourse but to settle the claim myself . . ." That letter makes it clear Chandler did not intend to allow Concord to investigate the accident site or to participate in Concord's investigation.  (5) On March 19 Concord again contacted him to reiterate that it had not denied coverage and that it needed to conduct an investigation.  In that letter, in response to a communication from Chandler suggesting that he might settle the claim directly with Ainsworth through her attorney, Concord also notified that any attempt on his part to settle the case without Concord's approval could jeopardize his coverage.  And (6) he filed this lawsuit on March 22, 2010.

In other words, there is no dispute that within three weeks of Concord's first contacting Chandler, before allowing Concord to interview him or investigate at the accident site, and before allowing sufficient time for Concord to get the necessary medical records and other information to support Ainsworth's claim, Chandler filed suit against Concord.  He did so after insisting that Concord pay without investigation (beyond reviewing the materials he submitted), declining to participate in an interview or allow Concord's investigator to visit the site of the incident, and indicating that if Concord did not settle the case with Ainsworth right away, he would settle himself.  Moreover, Chandler does not dispute that he entered into a stipulation on the merits of the personal-injury claim and subjected himself to liability in connection with the personal-injury claim in the amount of $1,311,500.

On the basis of these facts, we conclude that Chandler forfeited his coverage under the Concord policy by failing to comply with the cooperation requirement.  The cooperation clause protects the insurer "by obligating the insured not to intentionally and deliberately take any action which would substantially affect adversely the insurer's defense, settlement or other handling of the claim." Am. Policyholder's Ins. Co. v. Baker, 409 A.2d 1346, 1348 (N.H. 1979). Where an insured enters into a settlement with the injured party without the prior approval of the insurer, "the company is under no obligation to contribute to the settlement."  1 A. Windt, Insurance Claims & Disputes § 3:9 (6th ed.).  Chandler's act of admitting liability and entering into a settlement with Ainsworth in the personal injury suit before Concord had completed its investigation and before it had made a determination on coverage denied Concord the opportunity to investigate facts applicable to the lawsuit and to dispute them before trial, causing prejudice by placing Concord "in a substantially less favorable position than it would have been had the insured fully cooperated." Smith, 2003 VT 61, ¶10.  Therefore, Concord was excused from providing coverage, and the court properly entered judgment in its favor.  See State Farm Mut. Auto. Ins. Co. v. Secrist, 33 P.3d 1272, 1275 (Colo. Ct. App. 2001) (holding that driver violated cooperation clause of insurance policy where he discharged insurer's lawyers, and admitted liability for defendant's injuries); Johnston v. Sweany, 68 S.W.3d 398, 402-03 (Mo.

---

[5] We recognize that Chandler does argue that there is a material dispute as to when he first gave notice to Concord.  We do not need to decide whether Chandler's pleadings below are sufficient to create a material dispute of fact concerning when he first notified Concord of the claim because we do not rely on the timeliness of his notice to Concord in deciding this appeal.

2002) (per curiam) (explaining that insured's failure to notify of suit and act of voluntarily admitting liability denied insurer opportunity to protect its interest and prejudiced insurer).

Chandler asserts that he did not breach the agreement by settling with Ainsworth because his exposure at trial could have been much greater. On this record—where the insurer had not denied the claim, had not yet had a reasonable amount of time to investigate, and was unable to conduct key pieces of its investigation because Chandler declined to participate, the reasonableness of the settlement is beside the point. Given the undisputed facts set forth above, Chandler's admission of liability and stipulation to a judgment for damages amounts to noncooperation under the terms of the policy regardless of the reasonableness of the settlement. To the extent Chandler claims that the agreement's provisions are vague, this argument was not raised below and we do not address it on appeal. Stanhope, 2010 VT 92, ¶ 7.

On appeal, Chandler also argues that the trial court erred in ordering him to pay costs and attorney's fees, but the record reflects that there is no order granting costs or fees in this case. After the court entered judgment for Concord, Concord filed a motion for costs. Chandler subsequently responded, but the motion remains pending at the trial. Therefore, there is no order for us to consider in this appeal.

As a final matter, we turn to Concord's assertion that Chandler has abused the court process by filing numerous frivolous claims and should be banned from filing any more cases in superior court. Given the competing interests at stake, we decline to entertain this request as it pertains to future filings generally in the superior court, especially where raised for the first time on appeal. See Zorn v. Smith, 2011 VT 10, ¶ 16 (recognizing that responding to excessive filings is challenging and wastes precious judicial resources, but, given that a bar on future litigation "implicates the litigant's access to the courts," refusing to impose a blanket filing ban on plaintiff).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice